## MICHIGAN MILK PRODUCERS ASSOCIATION, Plaintiff,

v.

## John J. HUNTER, Trustee, Defendant.

### No. C 85–7075.

United States District Court,
N.D. Ohio, W.D.

Jan. 23, 1985.

Julian Kaplan, Toledo, Ohio, for plaintiff.

Thomas Schank, Toledo, Ohio, for defendant.

### MEMORANDUM AND ORDER

WALINSKI, District Judge.

This matter is before the Court on a motion for withdrawal of reference filed pursuant to 28 U.S.C. § 157(d) by defendant John J. Hunter, Trustee of the Estate of Babcock Dairy Company of Ohio, Inc. ("Babcock"), a Chapter 7 debtor in the bankruptcy court. Plaintiff Michigan Milk Producers Association ("MMPA") has filed a memorandum in opposition to the motion

for withdrawal of reference. MMPA is a secured creditor of Babcock with a claim in excess of $3,000,000.00. On May 8, 1984, MMPA filed an adversary complaint in bankruptcy court against the Trustee for determination of MMPA's rights as a secured creditor in the accounts receivable, equipment and other property of Babcock. The amended answer and counterclaims filed by the Trustee on January 16, 1985 alleged that a supply agreement entered into between MMPA and Babcock was in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. The Court retains jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

On January 17, 1985, the Trustee filed the instant motion for withdrawal of reference. The Trustee argues that the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the Amendments") requires the district court to withdraw reference of this litigation from the bankruptcy court because of the presence of the antitrust counterclaim. The Trustee relies on the language of 28 U.S.C. § 157(d). This subsection permits the district court to withdraw either core or non-core proceedings from the bankruptcy court on its own motion or upon motion by a party, and sets forth circumstances under which such withdrawal is compelled. The provision states:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Unfortunately, the legislative history of § 157(d) provides only limited guidance as to the appropriate reading of this subsection. *See In re White Motor Corp.*, 42 B.R. 693, 699–700 (N.D. Ohio 1984).

■ MMPA raises three arguments in opposition to the motion to withdraw reference. It contends first that for withdrawal of reference to be proper under § 157(d), the motion for withdrawal must be timely. MMPA argues that under the facts and circumstances of the case, the Trustee's motion, made *eleven* days before the January 28, 1985 trial in bankruptcy court, is not timely. The Court agrees with MMPA that under the express language of the Amendments a motion to withdraw reference must be timely made. Upon review of the facts and circumstances of the instant case, the Court concludes that the Trustee's motion was timely filed. Although the Trustee may have been aware of the terms and conditions of the supply agreement as early as a July 11, 1984 deposition, the record indicates that he moved for leave to add the counterclaim for an alleged antitrust violation on November 16, 1984. On January 16, 1985, the bankruptcy court granted the motion for leave to file an amended answer and counterclaims. The following day the motion, *sub judice*, was filed. Under these facts notwithstanding the trial date, the Trustee's filing cannot be deemed untimely.

■ MMPA's second argument focuses on the Congressional intent to construe the § 157(d) directives narrowly. The Court's attention is directed towards the following statement made during the Senate debate mandating a narrow reading of § 157(d):

> This provision concerns mandatory withdrawal of proceedings from the bankruptcy judge where the district court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. The district court should withdraw such proceedings only if the court determines that the assertion that other laws regulating organizations or activities affecting interstate commerce are in fact likely to be considered, and should not allow a party to use this provision to require withdrawal where such laws are not material to resolution of the proceeding. The district court should refuse withdrawal if withdrawal would unduly delay administration of the case, considering the status of the case, the importance of the proceeding to the case, and the relative

caseloads of the district court and bankruptcy judge.

130 Cong.Rec. § 6081 (daily ed. June 19, 1984). The plaintiff also notes the relative caseloads of the district court and the bankruptcy court in this division. Further, MMPA argues that granting the trustee's motion would encourage forum shopping. (Pl.Memo, at 5). Again, the Court is in complete agreement with the equities of MMPA's contentions. None of these arguments, however, persuade the Court that a restrictive construction of the plain language of § 157(d) would dictate or even allow denial of the withdrawal motion in the above captioned case.

The third argument raised by MMPA is that the Trustee's counterclaim does not involve "substantial and material consideration" of federal antitrust provisions. The plaintiff refers the Court to *In re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984) in which a district court for the Northern District of Ohio, Eastern Division, denied withdrawal of a proceeding involving provisions of the Employment Retirement Income Security Act of 1974 and the Internal Revenue Code. In reviewing the legislative history the court concluded that withdrawal was not mandatory in every case where non-bankruptcy federal statutes were to be considered in the disposition of the case. Judge Aldrich found that: "Section 157(d) must therefore be read to require withdrawal not simply whenever non-code federal statutes will be *considered* but rather only when such consideration is necessary for the *resolution* of a case or proceedings." *Id.* at 703. The court concluded that the factual record was speculative about whether ERISA and IRC issues would arise or be germane to the resolution of the core Code proceeding. *Id.* at 705. The court held that the record did not support an affirmative determination that resolution of the claims would require substantial and material consideration of ERISA and IRC.

■ Applying the standard articulated in *White Motor*, the Court must conclude that withdrawal of reference is appropriate in this case. Notwithstanding the fact that the Trustee raised the federal antitrust counterclaim among various defenses and five other counterclaims which do not involve non-bankruptcy federal statutes, resolution of these proceedings will require substantial and material consideration of federal antitrust claim. The Trustee's counterclaim alleges that a supply agreement made between MMPA and Babcock for restraint of interstate competition, production and sale of milk and milk by-products in violation of 15 U.S.C. § 1. As a result of the alleged antitrust violation, the Trustee contends that the agreement upon which MMPA asserts its claimed security interest is void. Therefore, it is necessary to consider the Trustee's antitrust counterclaim for complete resolution of the instant adversary action brought to test MMPA's rights as secured creditor. Accordingly, this record supports an affirmative determination that resolution of the instant adversary proceeding would require consideration of both Title 11 and non-bankruptcy federal statutes regulating organizations or activities affecting interstate commerce. Withdrawal of reference is, therefore, mandatory under 28 U.S.C. § 157(d). The Trustee's motion to withdraw reference from bankruptcy court is well taken and therefore granted.

For the foregoing reasons, it is

ORDERED that defendant's motion for withdrawal of reference is granted.

FURTHER ORDERED that this cause is set for PRETRIAL MONDAY, FEBRUARY 4, 1985 at 3:15 P.M.