**INTERCONNECT TELEPHONE SERVICES, INC., Plaintiffs,**

v.

**William FARREN, John Williams, Robert Willenberg, Dominick Mannina, and Telesis Communications Corp., Defendants.**

No. M–47 (Part I).

United States District Court, S.D. New York.

April 3, 1986.

Sheber, Pomerantz, Slotnik & Hamburg, New York City, for plaintiffs; Lorna N. Graham, of counsel.

Kroll, Tract, Pomerantz & Cameron, New York City, for defendants; Leigh R. Isaacs, of counsel.

WILLIAM C. CONNER, District Judge.

On May 7, 1984, plaintiff Interconnect Telephone Services, Incorporated ("ITS") filed a voluntary petition for reorganization in the Bankruptcy Court for the Southern District of New York. Shortly thereafter, ITS commenced this adversary proceeding against defendants William Farren, John Williams, Robert Willenberg, and Dominick Mannina, four former ITS employees, and Telesis Communications Corporation, the company they formed after leaving ITS's employ. The complaint charges defendants with conspiring to defraud ITS, wrongfully appropriating ITS's confidential information, engaging in unfair competition, and various other misdeeds. This matter is now before the Court on defendants' motion pursuant to 28 U.S.C. § 157(d) (Supp. II 1984) to withdraw the reference of this action to the bankruptcy court. For the reasons set forth below, defendants' motion is granted.

Before addressing the arguments of the parties in support of and in opposition to withdrawal, it is useful to set out briefly the statutory bankruptcy scheme enacted in the wake of the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, the district courts have "original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334 (Supp. II 1984). The district courts may refer any or all bankruptcy matters under title 11 to the bankruptcy judges for their respective districts. 28 U.S.C. § 157(a) (Supp. II 1984). In the

Southern District of New York, all bankruptcy matters are automatically referred to the bankruptcy court by a blanket reference. *See* Order of Acting Chief Judge Robert J. Ward dated July 10, 1984; *see also In re Lion Capital Group*, 48 B.R. 329, 331 (S.D.N.Y.1985).

Pursuant to 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and enter final orders in all cases under title 11 and in all "core" proceedings. Although there is no statutory definition of core proceedings, section 157(b)(2) contains a nonexclusive list of such actions.[1] Pursuant to 28 U.S.C. § 157(c), bankruptcy judges may also hear matters that are not core proceedings, but that are otherwise related to a case under title 11. However, bankruptcy judges may not enter final orders in these so-called "non-core" proceedings absent the consent of the parties; instead, the bankruptcy judge must submit his findings of fact and conclusions of law to the district court. The district court may enter a final order or judgment after considering the bankruptcy judge's proposed findings and conclusions and reviewing *de novo* any matters to which any party objects. 28 U.S.C. § 157(c)(1) (Supp. II 1984).

Section 157(d) provides that "[t]he district court may withdraw ... any case or proceeding referred under [section 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (Supp. II 1984). Defendants argue that I should withdraw this action from the bankruptcy court for reasons of judicial economy. They note that they are entitled to and have demanded a jury trial of all claims in the complaint, and argue that because this is a non-core proceeding, the district court might have to hold a second jury trial if any party objected to the findings of the bankruptcy court.

Assuming defendants are correct in their assertion that this is a non-core proceeding, I must agree that withdrawal would be appropriate. As several courts confronted with this very situation have observed,

a jury trial in the bankruptcy court, unless with the consent of all parties, would be essentially an advisory and duplicative proceeding; it could, at most, culminate in a recommendation by the bankruptcy court to the district court for a final judgment.

*In re George Woloch Co., Inc.*, 49 B.R. 68, 70 (E.D.Pa.1985); *see also, e.g., In re Belles Terres Partners*, No. 85 Civ. 5355 (N.D.Ill. Sept. 12, 1985). If either side objected to the proceedings before the bankruptcy court, it might well be necessary for the district judge to conduct a second jury trial in the course of his *de novo* review. In view of the ever mounting docket in this district, we must be careful to husband our scarce judicial resources. We can ill afford to conduct unnecessarily two entire jury

---

1. Section 157(b)(2) provides that

[c]ore proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

trials of the same matter. Accordingly, assuming that this is a non-core proceeding, I agree that considerations of judicial economy warrant withdrawing the reference of this action to the bankruptcy court.

Plaintiff argues, however, that this is a core, rather than a non-core, proceeding. Alternatively, plaintiff contends that defendants have consented to the bankruptcy court's entering a final judgment. It contends that in either event there would be no need for a second jury trial and no duplication of judicial effort, and that withdrawal is therefore unnecessary. Finally, plaintiff argues that defendants' motion to withdraw the reference of this action is untimely. I address each of plaintiff's arguments in turn below.

■ First, I agree with defendants that this action is properly classified as a non-core proceeding. Non-core proceedings consist of those "claims arising under traditional state law which must be determined by state law." *In re Lion Capital Group*, 48 B.R. at 331. They are "those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court." *In re Colorado Energy Supply*, 728 F.2d 1283, 1286 (10th Cir.1984).

■ Plaintiff argues that even though the claims asserted in the complaint are predominately state law claims, this action is nonetheless a core proceeding. Plaintiff notes that it seeks, among other relief, to recover excessive salaries paid to defendants, and argues that these sums are "property of the estate," *see* 28 U.S.C. § 157(b)(2)(E), and that this is a proceeding "affecting the liquidation of the assets of the estate," *see id.* § 157(b)(2)(O). In addition, plaintiff contends that defendants' misdeeds continued after it filed its petition for reorganization, and that therefore this case "concerns the administration of the estate." *See id.* § 157(b)(2)(O).

Plaintiff's arguments are unavailing. This is precisely the sort of case which the Supreme Court in *Marathon* held must be decided by an article III court rather than a bankruptcy court, and is therefore not a core proceeding. It involves a right created by state law, independent of and antecedent to the reorganization petition that conferred jurisdiction upon the bankruptcy court. *See* 458 U.S. at 84, 102 S.Ct. at 2878. The complaint alleges that defendants conspired to defraud plaintiff by organizing a company to compete with and by diverting business opportunities from plaintiff, Amended Complaint ¶ 17; that defendants continued to receive salaries, bonuses, and commissions from plaintiff without advising plaintiff of their actions, *id.* ¶ 20; that defendants engaged in unfair competition with plaintiff, *id.* ¶ 27; that defendants misappropriated plaintiff's trade secrets, *id.* ¶¶ 28–32; and that defendants engaged in certain other misconduct in violation of New York corporation law, *id.* ¶ 37. Most if not all of the acts alleged in the complaint occurred well before plaintiff filed its petition for reorganization in May 1984. Indeed, most of these acts took place before the last of the defendants left plaintiff's employ in January 1984. *See id.* ¶ 20. To be sure, if defendants have continued their unfair competition, some of plaintiff's damages may well be attributable to the post- rather than pre-petition period. However, that is not sufficient to make this a core proceeding.

■ Plaintiff's attempts to classify this action as one seeking an order "to turn over property of the estate" or one "affecting the liquidation of the assets of the estate" are no more convincing. Under plaintiff's interpretation of these provisions, virtually any action by a debtor that would result in a recovery for the estate would be a core proceeding. *See, e.g., In re Morse Elec. Co.*, 47 B.R. 234, 236–38 (N.D.Ind.1985). While courts have classified some actions involving predominantly state law claims as core proceedings, *see, e.g., In re Belles Terres Partners*, No. 85 Civ. 5355 (N.D.Ill. Sept. 12, 1985), they did so because the defendants in those actions were creditors of the estate and had asserted claims against the estate, *id.* Where a creditor of the estate files a proof of claim and the estate counterclaims against him,

or where the estate brings an action against a creditor and the creditor counter-claims asserting a set-off, it is entirely appropriate for the action to be classified as a core proceeding. Here, however, there is no allegation that defendants are creditors of plaintiff or have asserted claims against it. Therefore, I conclude that this action is properly classified as a non-core proceeding.[2]

■ Plaintiff next contends that even if this action is a non-core proceeding, defendants implicitly consented to the bankruptcy court's entering a final judgment pursuant to 28 U.S.C. § 157(c)(2) (Supp. II 1984) by conducting discovery and moving to dismiss plaintiff's complaint while this action was pending in the bankruptcy court. Section 157(c)(2) provides that "the district court with the consent of all the parties to the proceeding, may refer a [non-core proceeding] to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to" normal appellate review rather the *de novo* review such a proceeding would ordinarily receive. Not surprisingly, there is little case law concerning whether consent must be expressed or can be inferred from a party's failure to raise an objection at the first opportunity. None of the cases cited by the parties squarely addresses this issue. Accordingly, I turn to the commentators, who seem to agree that implied consent may be inferred only in very limited circumstances, if at all. For example, the authors of *Collier on Bankruptcy* observe that

[i]n considering this question, it is instructive to look at one of the predeces-

sors to section 157(c)(2), proposed section 1471(g) of S. 1013:

"(g) Notwithstanding the provisions of subsection (e), and subject to a right to appeal pursuant to section 1334 of this title, any party to a case or proceeding under subsection (a) or (b) of this section [which were identical to section 1334(a) and (b) as enacted] shall be deemed to have consented to the exercise of jurisdiction by the bankruptcy court to determine the entire matter if the party has failed to file a timely petition pursuant to subsection (e)(1) of this section. Such a petition must be filed together with the initial pleading of the party."

Since section 157(c)(2) is so different from proposed section 1471(g), and since it is modeled upon the United States Magistrates Act, *section 157(c)(2) may contemplate the informed and actual consent of the parties, as opposed to consent implied from the failure to object to jurisdiction.* Thus, *while consent may be implied from the filing of a proof of claim, it is questionable if it can be implied when a defendant is sued in bankruptcy court by a trustee.*

1 *Collier on Bankruptcy* ¶ 3.01, at 3–39 (15th ed. 1985) (emphasis added). Similarly, Bankruptcy Judge William L. Norton and his co-author Richard Lieb conclude that constitutional considerations require that consent under section 157(c)(2) must be expressed and not implied:

[Section] 157(c)(2) should be construed to apply only if express consent is given.

---

**2.** Plaintiff's suggestion that only the bankruptcy court may classify an action as a core or non-core proceeding does not merit much discussion. It is true that the classification of a proceeding as core or non-core is itself a core proceeding, *see In re Lion Capital Group,* 48 B.R. at 338 & n. 15, and is therefore subject to the "clearly erroneous" standard of review, *id.* However, that means merely that a prior determination by the bankruptcy court normally will be binding on the district court; it says nothing of the district court's ability to classify a proceeding where the bankruptcy court has not already done so.

It is clear that the district court is empowered to make such a determination. *See, e.g., In re Belles Terres Partners,* No. 85 Civ. 5355 (N.D.Ill. Sept. 12, 1985). After all, Congress vested jurisdiction of bankruptcy matters in the district courts. 28 U.S.C. § 1334 (Supp. II 1984). The bankruptcy courts are an adjunct of the district court, and their jurisdiction is derivative. While section 157(b)(3) permits a bankruptcy judge to determine whether a proceeding is a core or a non-core proceeding, it does not prohibit the district court from doing so where, as here, there has been no prior determination.

By ruling out consent by implication, major objections to the grant of adjudicatory power to bankruptcy judges over common-law causes of action are eliminated, since such jurisdiction would exist only if the parties to the dispute actually consent to its exercise.

W. Norton & R. Lieb, *Jurisdiction and Procedure Under the 1984 Bankruptcy Amendments,* in 1985 Ann.Survey Bankr.L. 53, 144. I find these authorities persuasive, and conclude that under the circumstances of this case, defendants have not consented to the entry of a final judgment by the bankruptcy court.

Finally, plaintiff argues that defendants' motion to withdraw the reference of this action from the bankruptcy court is untimely. It points out that a year has elapsed since it filed this action, and that during that time defendants did not apply to the district court for withdrawal. It also notes that the parties have conducted certain discovery, and that defendants unsuccessfully moved to dismiss the complaint in the bankruptcy court. I agree that defendants should have acted more promptly in moving for withdrawal, but I cannot say that ITS has been prejudiced by defendants' delay. All of the discovery that has occurred while this action has been pending in the bankruptcy court may be used if the action is removed to the district court. Moreover, defendants have represented at a conference before the Court that they will not renew their motion to dismiss in the district court if this action is withdrawn.

*Conclusion*

As set forth above, I have concluded that considerations of judicial economy warrant my withdrawing the reference of this action from the bankruptcy court. Accordingly, the Clerk of the Court is directed to assign this adversary proceeding to a judge of this Court in the usual manner.

SO ORDERED.