**BURGER KING CORPORATION, Plaintiff,**

v.

**B–K OF KANSAS, INC. and John E. Wilkinson, Defendants.**

**Civ. A. No. 86–2294–S.**

United States District Court, D. Kansas.

Aug. 29, 1986.

Andrew C. Hall, Raymond L. Robinson, Hall and O'Brien, P.A., Miami, Fla., J.B. King, Fisher, Patterson, Sayler and Smith, Topeka, Kan., for plaintiff.

Dan E. Turner Topeka, Kan., Mark Klein, Kansas City, Mo., for defendants.

William M. Modrcin, Morris, ·Larson, King & Stamper, Kansas City, Mo., James L. Eisenbrandt, Morris, Larson, King & Stamper, Overland Park, Kan., for Counterclaim defendants Sutton's Inc., Dean & Dale Sutton.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of several debtors-in-bankruptcy to "remove" an adversary action filed in the bankruptcy court by one of the debtors' creditors. The circumstances of this motion, as well as the law in this area, are confused and complex, as will be demonstrated below.

On January 30, 1985, B–K of Kansas, Inc. (a franchisee of Burger King), John Wilkinson, and Marianne Wilkinson (the "debtors") filed a voluntary petition for Chapter 11 bankruptcy in the Bankruptcy Court for the District of Kansas. On July 17, 1985, Burger King Corporation ("Burger King") commenced an adversary proceeding against the debtors. The complaint (1) alleged trademark infringement based on the continued unauthorized use of the Burger King name; (2) requested an order preventing discharge of the debtors as to Burger King; and (3) requested that the bankruptcy court exclude the franchise agreement signed by Burger King and the debtors from the estate. On August 16, 1985, the debtors filed counterclaims against Burger King and other named defendants, alleging antitrust and civil RICO violations.

The motion bringing the matter before this court was filed on June 26, 1986, by the debtors. Titled "Application for Removal," it was captioned for the bankruptcy court, but the word "Bankruptcy" was crossed out and "District" inserted in its place. Although there was initially some confusion as to the court in which the motion should be filed, the document was file stamped by the Clerk of the District court. In the motion, the debtors asked that the above-referenced adversary action, bankruptcy court Case No. 85–0058, be removed to this court. The debtors relied solely on 28 U.S.C. § 1334(b), claiming that because this court has jurisdiction to hear the debtors' counterclaim, the adversary proceeding should be removed from the bankruptcy court.

The law cited by the debtors simply states that district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 ... or arising in or related to a case under title 11." However, 28 U.S.C. § 157(a) provides that:

Each district court may provide that any or all cases arising under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judge for the district.

Virtually all district courts have referred bankruptcy cases filed in their district to their respective bankruptcy courts. *In re Anthony Tammaro, Inc.*, 56 B.R. 999, 1002 (D.N.J.1986). *See, e.g.,* Bankruptcy Court Rules for Bankruptcy Practice and Procedure, Rule B–105(a) (D.Kan. April 1, 1985). Thus, the statute relied upon by the debtors has no application in determining the procedure to be used when the case has already been referred to the bankruptcy

court. Despite the failure of the debtors to properly ascertain the law necessary for the court order that they desire, the court recognizes the type of motion contemplated by the debtors, and is prepared to rule on the matter, uninformed though the movant may be.

Generally, the debtors probably based their motion on the belief that their counterclaims are "non-core proceedings" of the type that should be adjudicated by Article III judges. Burger King claims that under 28 U.S.C. § 157(b)(2)(C), the debtors have brought a counterclaim "against persons filing claims against the estate," and the matter is thus an expressly enumerated core proceeding, and Congress has authorized bankruptcy court to adjudicate the matter. The matter is properly before this court under 28 U.S.C. § 157(d), which contains the procedural authority for the district court to withdraw a case from the bankruptcy court. As there are presently no reported cases in the District of Kansas or the Tenth Circuit concerning this area of the law, some general background may be useful.

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court limited the power of Congress to assign adjudicative authority to non-Article III judges, such as federal bankruptcy judges. This decision rendered the existing bankruptcy laws unconstitutional. In 1984, in response to this decision, Congress gave the district courts original jurisdiction over all cases arising under title 11 of the Bankruptcy Code. *See* 28 U.S.C. § 1334(b). As noted above, the district courts were granted permission to refer bankruptcy cases to the bankruptcy court. 28 U.S.C. § 157(a). Section 157 also contains the law and procedure that the debtors in this case should have invoked in support of their motion to transfer the adversary proceeding to the district court. This section permits the district court to "withdraw" its "reference" of the case (*i.e.*, revoke its earlier automatic referral to the bankruptcy court), if the matter involves law that should or must be adjudi-

cated by an Article III court. Specifically, section 157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 ... and other laws of the United States regulating organizations or activities affecting interstate commerce.

■ Under either mandatory or permissive withdrawal, the district court must first determine whether the motion to withdraw reference is timely. In the present case, the debtors' counterclaims alleging antitrust and RICO violations were filed August 16, 1985. The debtors did not bring a motion to this court for withdrawal of reference until June 26, 1986, more than 10 months later. Few courts have discussed the timeliness of a motion for withdrawal of reference. In *Interconnect Telephone Services, Inc. v. Farren*, 59 B.R. 397 (S.D.N.Y.1986), the court had before it an application for withdrawal of reference that was filed one year after the adversary action was initiated. In *Farren*, as in the present case, the parties had conducted some discovery in the bankruptcy court. The defendants in *Farren*, who ultimately moved for withdrawal of reference, had even filed an unsuccessful motion to dismiss. But, despite the passage of one year and the breadth of pre-trial activity conducted in the bankruptcy court, the Southern District of New York could not conclude that the plaintiff would be prejudiced by the delayed transfer to the district court. Similarly, in the present case, this court will receive all the discovery that occurred while the case was pending in the bankruptcy court. Ten months is at the outer limit of time that this court will permit for filing such a motion, especially considering that the debtors base the motion upon their own counterclaims. But under the particular facts of this case, the delay

cannot be said to be so untimely as to deprive this court of the ability to withdraw reference.

■ The district court must next determine whether the situation before the court is one of permissive or mandatory withdrawal of reference. Under section 157(d) the district court *may* withdraw the entire case before the bankruptcy court, or any part thereof, based upon "cause shown." Thus, despite the district courts having been given original jurisdiction of all bankruptcy proceedings under 28 U.S.C. § 1334(b), once the case is referred to the bankruptcy court under section 157(a), the district court does not have unlimited power to withdraw reference. The Fifth Circuit has stated that "the district court's decision to hear a case like the present one, which will adjudicate the rights of the debtor and its creditors to insurance policy proceeds, must be based on a sound, articulated foundation." *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir.1985).

■ Alternatively, the district court *must* withdraw a proceeding if resolution of the proceeding requires consideration of *both* title 11 *and* non-Code federal law. The interpretation of this passage has been the subject of dispute. *See In re Anthony Tammaro, Inc.*, 56 B.R. 999, 1003–07 (D.N.J.1986). The first area of dispute concerns whether the requirement that the proceeding involve consideration of both title 11 and non-Code federal law should be read literally. One theory suggests that withdrawal is mandatory when resolution of the claims will require substantial and material consideration of non-bankruptcy code statutes. *See In re White Motor Corp.*, 42 B.R. 693, 705 (N.D. Ohio 1984). The second theory holds that the statute should be literally translated, *i.e.*, mandatory withdrawal is required only when resolution of the proceeding requires consideration of *both* title 11 and non-Code federal law. *See In re Anthony Tammaro, Inc.*, 56 B.R. at 1004. This court finds it unnecessary to choose between the two. Even under the more restrictive interpretation, the present adversarial proceeding as a whole requires substantial and material consideration of both title 11 and non-Code federal law, as explained below. Adjudication of the present motion must therefore be analyzed under the mandatory withdrawal provision of section 157(d).

In the present case, Burger King's complaint requested (1) an order preventing discharge of the debtors as to Burger King; and (2) that the bankruptcy court exclude the franchise agreement from the estate. Resolution of both forms of relief requires application of title 11 law. Burger King's remaining claim of trademark infringement, along with the debtors' antitrust and RICO counterclaims, entail material and substantial consideration of non-Code federal law. These latter claims will require consideration of laws regulating activities affecting interstate commerce. 28 U.S.C. § 157(d). *See, e.g., In re Hartley*, 55 B.R. 781, 784 (N.D. Ohio 1985) ("The Trustee's allegation that the defendant violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it a necessity that the court determine whether the defendants' activities were those prohibited by 18 U.S.C. § 1961–1968. There is no question this case is the type provided for by the second sentence of section 157 which requires mandatory withdrawal by the District Court."); *Michigan Milk Producers Association v. Hunter*, 46 B.R. 214, 216 (N.D. Ohio 1985) ("[R]esolution of these proceedings will require substantial and material consideration of [the] federal antitrust claim.... Accordingly, the record supports an affirmative determination that resolution of the instant adversary proceeding would require consideration of both title 11 and non-bankruptcy federal statutes ...").

The determination that the various claims alleged in the adversarial Case No. 85–0058 constitute a "proceeding" transferable to this court requires resolution of a second area of dispute under the mandatory withdrawal provision. This dispute concerns the scope of the term "proceeding" under section 157(d). This court finds per-

suasive the analysis set out in *In re Anthony Tammaro, Inc.*:

> Pursuant to 28 U.S.C. § 1334(a), original and exclusive jurisdiction over all cases arising under the Bankruptcy Code is vested in the district courts. "Case" comprises the entire Chapter 7, 9, 11, or 13 case that is commenced by the filing of a petition. Disputes which arise during the pendency of a case are referred to in § 1334(b) as "proceedings", and there may be numerous proceedings within a case.

56 B.R. at 1001 n. 2 (citation omitted).

■ In the present situation, adversarial Case No. 85–0058 constitutes a "proceeding" within the bankruptcy "case." It is therefore proper to withdraw this proceeding while leaving intact the original referral of the bankruptcy petitions to the bankruptcy court. Resolution of the adversarial proceeding will require consideration of both title 11 and other federal laws regulating activities affecting interstate commerce, and under section 157(d), the proceeding is properly transferable to this court.

■ Burger King opposes the ostensible motion to withdraw reference by arguing that the debtors' counterclaims are "core" proceedings under section 157(b)(2)(C) and therefore properly heard by the bankruptcy court. Even assuming *arguendo* that *every* claim in this case is a "core" proceeding, nothing in section 157 prevents this court from withdrawing its reference of the case. Section 157(d) does not mention the core/non-core distinction, and withdrawal of reference is not dependent on the classification of a claim. The key determinative is whether a proceeding requires resolution of both bankruptcy and non-Code federal law. Designating a proceeding as core or non-core simply affects the ability of the bankruptcy court to enter final orders in the proceeding absent consent of all the parties. If the proceeding is a non-core proceeding, the parties must consent to the bankruptcy court's jurisdiction to enter orders; otherwise, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court for final adjudication. *See* 28 U.S.C. § 157(c). This court strongly questions whether a non-Code federal law claim can avoid the dictates of the *Marathon* case simply by being brought as a counterclaim. Congress could not have intended to weaken the mandatory withdrawal provision in this manner. If an Article I court should not adjudicate certain matters, the form in which the matters were brought to the court should not affect the constitutionality of the exercise of adjudicative authority.

Burger King also expresses concern that transfer of its case to this court may result in the litigation continuing indefinitely. The parties' dispute will receive due attention in this court, and the matter will be prosecuted, as in any other case, with all deliberate speed. This court is prepared to entertain any motions presently pending or to be later filed in Case No. 85–0058.

The bankruptcy court is uniquely suited to adjudicate bankruptcy cases. Judicial economy, especially in the midst of the present onslaught of litigation in federal courts, dictates that the bankruptcy court retain those matters for which its expertise is needed, to the full extent that section 157 permits. Likewise, an adversarial proceeding raising matters not normally before the bankruptcy court are best heard in the district court. Considerations of judicial economy must bear on the decision to withdraw reference or refer to the bankruptcy court. *See Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985); *Interconnect Telephone Services, Inc. v. Farren*, 59 B.R. 397, 399–400 (S.D.N.Y.1986). Withdrawal of reference as to the claims involving non-Code federal law is entirely consistent with the *Marathon* decision. As the Fifth Circuit recently noted:

> The district court must keep one eye cocked toward the decision of the Supreme Court in *Northern Pipeline Constr. v. Marathon Oil Pipe Line Co.,* .... Whatever the precise teaching of *Marathon,* it holds, at a minimum, that

Article I bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state [or non-Code federal] law.

*Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 997, 998 (5th Cir.1985) (citation omitted).

IT IS BY THE COURT THEREFORE ORDERED that defendants' application for removal of adversary Case No. 85–0058, considered by this court as a motion for withdrawal of reference, be granted.