**Maurice PRICE, Jr., Plaintiff,**

v.

**James Berry CRADDOCK, Defendant.**

**Civ. A. No. 88-C-309.**

United States District Court,
D. Colorado.

April 27, 1988.

Glenn Merrick, Denver, Colo., Jay Gueck, Dallas, Tex., for plaintiff.

J. Lawrence Hamil, Denver, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

This matter is before the court on a motion for withdrawal of reference filed pursuant to 28 U.S.C. § 157(d) by the plaintiff in an adversary action filed in the United States Bankruptcy Court for the District of Colorado.

On June 18, 1987, an involuntary bankruptcy case was commenced against the debtor/defendant James Berry Craddock in the bankruptcy court. On June 30, 1987, Craddock converted the case to a voluntary proceeding under Chapter 11 of the Bankruptcy Code.

Subsequently, Plaintiff Maurice Price commenced an adversary proceeding against Craddock arising out of a dispute between Price and Craddock concerning their common ownership of Price Distributing Company ("PDC"), a Texas corporation. (Bankruptcy Court Case No. 87-E-705.) In his First Amended Complaint, Price asserts claims against Craddock for the latter's alleged breach of an oral option contract to purchase Craddock's shares of PDC stock and for fraudulent misrepresentation. Price additionally seeks specific performance of the option contract and a declaratory judgment that Price's dealings with PDC did not breach any fiduciary duty owed to Craddock. The amended complaint also contains a demand for a jury trial.

Defendant filed an answer and counterclaim on October 30, 1987. In it, he denied the existence of the oral option contract and alleged various counterclaims including fraud, waste, breach of trust, breach of fiduciary duty, breach of contract, promissory estoppel and violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5. In addition to damages, the defendant seeks imposition of a constructive trust, and a mandatory injunction ordering Price to take certain corporate acts to ensure that the plaintiff's conduct will not imperil a successful plan of reorganization.

On February 5, 1988, the plaintiff filed a motion for mandatory withdrawal of the adversary proceeding. Defendant opposes the motion. The parties have briefed the issues and oral argument would not materially assist my decision.

The Supreme Court, in *Northern Pipeline Construction Corp. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), recognized limitations on the power of Congress to assign certain adjudicative authority to non-Article III judges, such as federal bankruptcy judges. That decision held the then existing bankruptcy court powers laws unconstitutional. *Burger King Corp. v. B-K of Kansas, Inc.*, 64 B.R. 728, 730 (D.Kan. 1986). In 1984 Congress responded to *Marathon* by conferring on the federal district courts original jurisdiction over all cases arising under title 11 of the Bankruptcy Code. *See* 28 U.S.C. § 1334(b). District courts are permitted, however, to refer bankruptcy cases to the bankruptcy court. 28 U.S.C. § 157(a).

Section 157(d) permits the district court to "withdraw" its "reference" of the case (*i.e.*, revoke its earlier automatic referral to the bankruptcy court), if the matter involves law that should or must be adjudicated by an Article III court. *Burger King*, at 730. Specifically, § 157(d) states:

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 ... and other laws of the United States regulating organizations or activities affecting interstate commerce."

Section 157(d) provides for both permissive and mandatory withdrawal. The district court *may* withdraw the entire case before the bankruptcy court for "cause shown." Alternatively, the district court *must* withdraw a proceeding if resolution of the proceeding will require consideration of *both* Title 11 *and* other federal law other than the Bankruptcy Code. *Burger King, supra,* 64 B.R. at 731.

With respect to permissive withdrawal, the "cause shown" test "is, to be sure, an amorphous test. It is a chameleon within the legal lexicon whose definition is created by its application." *DeLorean Motor Co. v. Allard,* 49 B.R. 900, 912 (Bankr.E.D. Mich.1985). In *DeLorean,* the court observed that use of the phrase "cause shown" in § 157(d):

"[C]reates a presumption that Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy court unless rebutted by a contravening policy. The presumption may be overcome only by an overriding interest based on a finding by the court that the withdrawal of reference is *essential* to preserve a higher interest than that recognized by congress and is narrowly tailored to serve that interest." 49 B.R. at 912 (emphasis in original) (citation omitted).

Much dispute has arisen around the interpretation of the § 157(d) mandatory withdrawal clause:

"The first area of dispute concerns whether the requirement that the proceeding involve consideration of both title 11 and non-Code federal law should be read literally. One theory suggests that withdrawal is mandatory when resolution of the claims will require substantial and material claims of non-bankruptcy code statutes.... The second theory holds that the statute should be literally translated, *i.e.,* mandatory withdrawal is required only when resolution of the proceeding requires consideration of *both* title 11 and non-Code federal law." *Burger King, supra,* at 731 (emphasis in original, citations omitted).

In *In re White Motor Corp.,* 42 B.R. 693, 705 (N.D.Ohio 1984), the court held that mandatory withdrawal of reference is required "only if the [district court] can make an affirmative determination that resolution of the claims will require *substantial* and *material* considerations of those non-Code statutes." (Emphasis added.)

Plaintiff contends that mandatory withdrawal is necessary because resolution of the adversary proceeding will require consideration of both Title 11 and § 10(b) of the Securities and Exchange Act of 1934, along with Rule 10b–5. Alternatively, the plaintiff argues that his request for a jury trial constitutes "cause shown" for purposes of permissive withdrawal.

In response, the defendant contends that mandatory withdrawal is not appropriate because the court need not consider *both* Title 11 *and* the relevant securities laws. Rather, the defendant argues, *"[o]nly* the securities laws need be considered." (Opp. brief, at 3, emphasis in original). Yet the defendant's sixth counterclaim expressly alleges that if the plaintiff's misconduct is not enjoined, the defendant's Chapter 11 reorganization plan may be imperiled.

Additionally, the plaintiff argues that his amended complaint implicitly raises issues under 11 U.S.C. §§ 502(b), 541, 542, and 553. Specifically, he contends that: (1) his damage claims raise issues under § 502(b) concerning the amount of allowance of such claims ("Price's request that Craddock be compelled to transfer the 490 shares is in essence a request that the bankruptcy court exclude the shares from the debtor's estate pursuant to § 541"); (2) the defendant's demand for the imposition of a constructive trust raises issues under § 542 concerning turning over property to the

estate; and (3) in connection with the § 542 issues, the plaintiff's damage claims raise issues under § 553 concerning the amount and appropriateness of any setoff by the plaintiff. (Plaintiff's reply brief, at 6.)

This case is similar to *Michigan Milk Producers Association v. Hunter,* 46 B.R. 214 (N.D.Ohio 1985). There the plaintiff filed in bankruptcy court an adversary complaint against the trustee to determine its rights as a secured creditor. The trustee counterclaimed alleging that an agreement between the plaintiff and the debtor violated the Sherman Antitrust Act, 15 U.S. C. § 1. Subsequently, the trustee filed a motion for withdrawal of reference. The district court granted the motion reasoning that resolution of the proceedings would require substantial and material consideration of the federal antitrust claim, as well as the plaintiff's rights as a secured creditor, and thus, "resolution of the instant adversary proceeding would require consideration of both Title 11 and non-bankruptcy federal statutes regulating organizations or activities affecting interstate commerce." *Id.* at 216.

I conclude that this case is analogous to *Michigan Milk* and that the court's reasoning in that case is persuasive here. As in *Michigan Milk,* the record in the instant action supports an affirmative determination that resolution of the adversary proceeding will require consideration of both Title 11 and non-bankruptcy federal statutes regulating organizations or activities affecting interstate commerce, namely § 10(b) and Rule 10b–5.[1] Withdrawal of reference is therefore mandatory under 28 U.S.C. § 157(d).[2]

Accordingly, IT IS ORDERED that:

(1) Plaintiff's motion to withdraw reference to the bankruptcy court is granted;

(2) The reference to the bankruptcy court of the plaintiff's adversary proceeding is withdrawn; and

(3) Bankruptcy Court Adversary Proceeding No. 87–E–705 shall proceed in this court.

---

1. I additionally note that but for the filing of the petition in bankruptcy, the defendant's counterclaims could have been filed as an action in federal district court. *See In re Leedy Mortgage Co.,* 62 B.R. 303 (E.D.Pa.1986) (permissive withdrawal of *core* proceeding granted where but for the filing of bankruptcy petition, adversary proceeding could have been brought in district court).

2. Because I conclude that withdrawal of the adversary proceeding is required under § 157(d), I do not address the plaintiff's contention that his demand for a jury trial constitutes "cause shown" for purposes of permissive withdrawal.