In re AMERICAN SOLAR KING
CORPORATION, Bankrupt.

James K. RANDALL, M.D.,
Plaintiff–Appellant,

v.

AMERICAN SOLAR KING CORPORA-
TION, Defendant–Appellee.

No. W–87–CA–125.

United States District Court,
W.D. Texas,
Waco Division.

Oct. 11, 1988.

---

Dan Sheehan, Sheehan, Young, Smith and Clup, Dallas, Tex., for plaintiff-appellant.

John Hurley, Waco, Tex., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

WALTER S. SMITH, Jr., District Judge.

Came on to be considered Plaintiff's motion, under 28 U.S.C. § 157(d), for withdrawal of reference filed in the United States Bankruptcy Court for the Western District of Texas (Case No. W–84–CA–179). Plaintiff, James Randall, M.D., seeks withdrawal of his claim into this Court in which the identical claim was pending before the filing of bankruptcy proceedings. Having considered the briefs, pleadings, and applicable law, the Court finds that the Plaintiff's motion is meritorious and should be granted.

### Factual Background

On October 31, 1984, Randall commenced a class action in this Court against American Solar King ("ASK") and others to recover damages under, *inter alia,* 17 C.F.R. § 240.10b–5 ("Rule 10b–5"), promulgated by the Securities and Exchange Commission pursuant to the Securities and Exchange Act of 1934, on behalf of all persons who purchased ASK common stock during the period of July 8, 1982 through December 29, 1983. Thereafter, on August 18, 1986, ASK filed a voluntary Chapter 11 petition in bankruptcy (Case No. 6–86–00527). On October 29, 1986, Randall filed a proof of claim against ASK in the bankruptcy proceedings. Randall's proof of claim is for an undetermined amount not to exceed $100,000,000 in actual damages. In both the proof of claim and District Court action, Randall alleges the debtor ASK artificially inflated its stock market prices during the period of July 8, 1982 and December 29, 1983 in violation of Rule 10b–5 by issuing false financial statements and announcements respecting the Company's revenues, earnings, and prospects. By motion dated February 4, 1987, Randall moved this Court for an order, pursuant to 28 U.S.C. § 157(d), withdrawing the reference of the proof of claim. Plaintiff filed the motion, *sub judice*, in the Bankruptcy court in compliance with Local Rule 7088.

Meanwhile, in an Order filed April 9, 1987, the bankruptcy court for the Western District of Texas found that: (1) the attorneys for Randall failed to comply with the mandatory provisions of Bankruptcy Rule

2019(a); (2) the objection to ASK's Disclosure Statement filed by Randall's attorneys was invalid; and (3) Randall's attorneys were no longer permitted to be heard further or to intervene in the bankruptcy case. Plaintiff has appealed that Order to this Court. However, because the Court will grant Randall's prior motion for withdrawal of the reference his appeal is dismissed as moot.

### Discussion

In *Northern Pipeline Construction Corp. v. Marathon Pipeline Co.*, the Supreme Court identified the limitations on the power of Congress to assign certain adjudicative authority to federal bankruptcy judges because of their status as non-Article III judges. 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). That decision held the bankruptcy laws then in existence unconstitutional. *Marathon, Id.* In 1984 Congress responded to *Marathon* by granting the federal district courts original jurisdiction over all cases arising under Chapter 11 of the Bankruptcy Code. *See,* 28 U.S.C. § 1334(b). The district courts, in turn, are allowed to refer bankruptcy cases to the bankruptcy court. 28 U.S.C. § 157(a).

Section 157(d) permits the district court to revoke its earlier automatic referral to the bankruptcy court (i.e., "withdraw" its "reference" of the case) if the matter involves law that should or must be adjudicated by an Article III court. *Burger King Corp. v. B–K of Kansas, Inc.,* 64 B.R. 728, 730 (D.Kan.1986). Specifically, § 157(d) declares:

> The district court may withdraw, in whole or in part, any case or proceeding under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 ... and other laws of the United States regulating organizations or activities affecting interstate commerce.[1]

Section 157(d) provides for both mandatory and permissive withdrawal. The district court may withdraw the case before the bankruptcy court for "cause shown." Alternatively, the district court shall withdraw a proceeding if resolution of the proceeding will require consideration of both bankruptcy and other federal regulations or laws affecting organizations or interstate commerce. *Burger King, Id.* at 731.

■ To be sure, the "cause shown" test of permissive withdrawal is nebulous. As the bankruptcy court pointed out in *DeLorean Motor Co. v. Allard,* 49 B.R. 900, 912 (Bankr.E.D.Mich.1985): "[i]t is a chameleon within the legal lexicon whose definition is created by its application." It seems clear, however, that the "cause shown" test creates a presumption that the legislature intended bankruptcy proceedings to be adjudicated by bankruptcy courts absent the existence of some other contravening policy that the withdrawal of reference is necessary to preserve a more significant interest. This policy is carried over in the mandatory withdrawal clause. Congress has unequivocally provided that where other federal laws are involved which spark interstate commerce concerns, those cases must be submitted to Article III courts.

■ Exactly what is meant by "other federal law," however, is a polemic determination. One theory intimates a literal translation of § 157(d), i.e., mandatory withdrawal is required whenever consideration of the federal laws is involved. *Burger King,* supra, at 731. A second theory suggests that withdrawal is mandatory not simply when consideration of other federal laws is involved, but whenever consideration of those non-code federal statutes will be necessary for the resolution of a case or proceeding. *Price v. Craddock,* 85 B.R. 570, 572 (D.Colo.1988); *In re White Motor Corp.,* 42 B.R. 693 (N.D.Ohio 1984). In other words, substantial and material claims of non-bankruptcy federal law should be in issue.

---

**1.** The emphasis throughout this opinion is furnished by the Court unless otherwise indicated.

Directing its attention to relevant Senate debate hearings, this Court finds that a narrow reading of § 157(d), similar to the second theory suggested above, is proper. In fact, germane legislative history behooves such a limited reading of the mandatory withdrawal provision:

> The district court should withdraw such proceedings [from the bankruptcy court] only if the court determines that the assertion that other laws regulating organizations or activities affecting interstate commerce are in fact likely to be considered, and should not allow a party to use this provision to require withdrawal where such laws are not material to resolution of the proceedings. The district court should refuse withdrawal if withdrawal would unduly delay administration of the case, considering the status of the case, the importance of the proceeding to the case, and the relative caseloads of the district court and bankruptcy judge.[2]

The Fifth Circuit seems to sanction this approach as well, although no case directly addresses the issue. *See Holland Amer. Ins. Co. v. Succession of Roy,* 777 F.2d 992 (5th Cir.1985). In *Holland,* the Fifth Circuit noted that the district court has broad jurisdiction even in "core" bankruptcy matters, "[n]evertheless, a district court's decision to hear a case ... must be based on sound, articulated foundation."[3] *Holland, Id.* at 998. The Court enunciated important factors in the determination of whether or not mandatory withdrawal is warranted. These factors include promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtor's and creditor's resources, and expediting the bankruptcy process. *Holland, Id.* at 999.

■ Mindful of these principles, this Court turns to issues presented by the instant case. Plaintiff contends that mandatory withdrawal is necessary because resolution of the adversary proceeding will require consideration of both Title 11 and Securities and Exchange Commission Rule 10b–5. This case is similar to *Price v. Craddock,* 85 B.R. 570 (D.Colo.1988). There the plaintiff filed an adversary complaint against a defendant in bankruptcy for breach of an oral option contract. Defendant filed an answer and counterclaim, denying the existence of an oral option contract and alleging various counterclaims including violations of the Securities and Exchange Commission Rule 10b–5. Subsequently, Plaintiff filed a motion for mandatory withdrawal. The district court granted the motion reasoning that determination of the proceeding would require substantial and material considerations of both Title 11 and non-bankruptcy federal statutes regulating organizations or activities affecting interstate commerce, namely Rule 10b–5. *Price, Id.* at 572. That reasoning is persuasive here. As in *Price,* the record in the instant action supports an affirmative determination that resolution of the adversary proceeding will require consideration of bankruptcy and non-bankruptcy federal statutes. Moreover, sufficient precedent exists to support the observation of Messrs. Weintraub and Resnick that a claim which is based on federal securities statutes "must be heard by the district court if any party so requests." Wein-

---

**2.** This provision concerned mandatory withdrawal of proceedings from the bankruptcy judge where the district court determined that resolution of the proceeding required consideration of both title 11 and other laws of the United States affecting interstate commerce. 130 Cong. Rec. § 6081 (daily ed. June 19, 1984); *Michigan Milk Producers Ass'n v. Hunter,* 46 B.R. 214 (N.D.Ohio 1985), *app. dismissed* 786 F.2d 1165 (6th Cir.1986).

**3.** The Court continued, "the posture of this case does not permit us to offer more than general principles that should guide the district court in determining whether to refer or withdraw the reference. Little precedent yet exists on this subject. It is apparent, however, that the district court must keep one eye cocked toward the decision in *Northern Pipeline Constru. v. Marathon Oil Pipe Line Co.....* The Bankruptcy Amendments Act has attempted a flexible response to *Marathon....* [which] provides the outer boundary of original referred jurisdiction of bankruptcy courts, but considerations of judicial economy must also bear on the decision to withdraw the reference or refer to bankruptcy courts." *Id.* at 998–999.

traub and Resnick, *Bankruptcy Law Manual,* 6–15 (rev. ed. 1986).[4]

In addition to the *Price* holding, legislative history also supports the Court's decision that federal securities laws were contemplated in enacting § 157(d). In the floor debate concerning the mandatory withdrawal language, a House Representative remarked that this language would apply to "related causes which may require consideration of both title 11 issues and other federal laws including cases involving the National Labor Relations Act, civil rights law, *Securities and Exchange Act of 1934, and similar laws.*"[5]

■ Moreover, while the Court appreciates the Bankruptcy Court's expertise in many equitable matters, once it has been determined that the action involves non-Title 11 laws regulating organizations or activities affecting interstate commerce, withdrawal of the reference is required regardless of the assumed expertise of either court.

Finally, the Court notes that if the case is not a core bankruptcy proceeding, the bankruptcy judge's findings of fact and conclusions of law would have to be reviewed *de novo* upon objection of any party. 28 U.S.C. § 157(c)(1). Such duplication of juridic effort and squandering of judicial resources is averted by withdrawal of the reference.

For all these reasons, the Court determines withdrawal is mandatory under § 157(d). Accordingly,

IT IS ORDERED that:

(1) Plaintiff's motion to withdraw reference to the bankruptcy court is GRANTED;

(2) The automatic reference to the bankruptcy court of the Plaintiff's case is withdrawn; and

(3) Randall's case, originally filed in this Court as Cause No. W–84–CA–179, is placed on the Court's docket.

---

**4.** *See e.g., Michigan Milk Producers Ass'n v. Hunter,* 46 B.R. 214 (N.D.Ohio 1985), *app. dismissed* 786 F.2d 1165 (6th Cir.1986) (mandatory withdrawal due to consideration of federal antitrust counterclaim); *Price v. Craddock,* 85 B.R. 570 (D.Colo.1988) (mandatory withdrawal due to consideration of federal securities laws, including Sec. 10b–5).

**5.** 1 *Collier on Bankruptcy,* 3–53 n. 114 (15th ed. 1986) quoting 130 Cong.Rec. H1850 (daily ed. March 21, 1984).