DOW JONES/GROUP W TELEVISION COMPANY, Dow Jones & Company, Inc., and Westinghouse Broadcasting Company, Inc., Plaintiffs,

v.

NATIONAL BROADCASTING COMPANY, INC., CNBC, Inc., and Consumer News and Business Channel Partnership, Defendants.

COMMONWEALTH OF PENNSYLVANIA, Plaintiff,

v.

CONSUMER NEWS AND BUSINESS CHANNEL PARTNERSHIP, Defendant.

Nos. 91 Civ. 3101(MEL), 91 Civ. 3125(MEL).

United States District Court, S.D. New York.

May 10, 1991.

---

**1.** We note that the Debtor has not made payments on the first and second mortgages since December, 1989.

4

Robert P. LoBue, Patterson, Belknap, Webb & Tyler (Stephen Younger, of counsel), New York City, Dickstein, Shapior & Morin (James vanR. Springer, R. Bruce Holcomb, of counsel), Washington, D.C., Bernard Nash, New York City, for Dow Jones/Group W Television Co., Dow Jones & Co., Inc. and Westinghouse Broadcasting Co.

Bruce R. Zirinsky, Weil, Gotshal & Manges, New York City, and Arnold & Porter, Washington, D.C., and Coudert Brothers (Brian Rosen, Deborah Deitsch-Perez, Laura Sillins, Roseann Pisem, Banks Tarver, Roger Assad, of counsel), New York City, for Consumer News and Business Channel Partnership, Nat. Broadcasting Co., Inc. and CNBC, Inc.

Michael A. Rosenthal, Gibson, Dunn & Crutcher (Ronald S. Orr, Cynthia C. Lebow, David H. Kennedy, of counsel), New York City, for Financial News Network, Inc.

Ernest D. Preate, Jr., Atty. Gen., Com. of Pa., Daniel Clearfield, Executive Deputy Atty. Gen., Public Protection Div. by Carl S. Hisiro, Sr. Deputy Atty. Gen., David R. Weyle, Deputy Atty. Gen., Antitrust Section, Harrisburg, Pa., for Com. of Pa.

Fred E. Silverman, Chief Deputy Atty. Gen., State of Del., Wilmington, Del., amicus.

LASKER, District Judge.

The Commonwealth of Pennsylvania and the State of Illinois move to withdraw their antitrust cases [1] from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), and the Consumer News and Business Channel Partnership (CNBC) moves to refer Dow Jones/Group W's antitrust suit, No. 91-3101 (MEL) (S.D.N.Y.), to the Bankruptcy Court pursuant to § 157(a).

The central legal question presented by the States' motions is whether withdrawal is mandatory under § 157(d), which states, "The district court shall, on timely motion of a party, so withdraw a proceeding if ... resolution of the proceeding requires consideration" of the Bankruptcy Code and other laws of the United States concerning interstate commerce.

The antitrust laws clearly do concern interstate commerce. Thus the dispositive question is whether the State's suit "requires consideration" of applicable antitrust laws within the meaning of § 157(d).

The emerging trend in cases applying § 157(d) indicates that withdrawal is mandatory only if the Bankruptcy Court is required to interpret an uncertain legal standard, as opposed to applying fixed legal standards to a given set of facts. For example, the Court of Appeals for this Circuit stated on May 2 that "This mandatory withdrawal provision has been interpreted to require withdrawal to the district court of cases or issues that would otherwise require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir.1991). While in that case the court found a substantial risk that litigation of CERCLA claims in bankruptcy court would result in mandatory withdrawal of the reference, and hence enjoined the

---

1. Pennsylvania filed an adversary proceeding in the Bankruptcy Court for this District seeking to enjoin acquisition of the debtor's assets by CNBC in *In re Financial News Network, Inc.,* No. 91 B 10891 (FGC), and filed an action in this District for removal of that matter. That proceeding was docketed as 91 Civ. 3125. Illinois initially filed a related antitrust case in the

Northern District of Illinois, where it was assigned Case No. 91 C 2736. That case was transferred to the Bankruptcy Court for the Southern District of New York and consolidated with other antitrust cases filed in 91 B 10891(FGC). Illinois has moved for withdrawal without filing a separate complaint in this District Court.

joinder of pending CERCLA litigation in New York with related bankruptcy litigation in California, the ruling depended on the court's finding that the case required significant interpretation of CERCLA, which was the controlling statute.

By contrast, as the record now stands, it seems that the case in issue will probably not require such interpretation, but rather mere application of established antitrust principles to new facts. Accordingly, withdrawal of the states' actions is not mandated.

The wasting nature of the debtor's property is an additional factor militating against withdrawal. The need for fast resolution of disputes governing the treatment of wasting assets is a well-established priority of bankruptcy law, and has been a compelling factor in almost every decision in this case thus far. Courts, and indeed the legislative history of § 157(d), recognize that "The district court should refuse withdrawal if withdrawal would unduly delay administration of the case, considering the status of the case, [and] the importance of the proceedings to the case...." 130 Congressional Record 6081 (daily ed. June 19, 1984), *quoted in Michigan Milk Producers Ass'n v. Hunter*, 46 B.R. 214 (N.D. Oh.1985).

The pending case is at an extremely sensitive point, with bids having been received and awarded by the Bankruptcy Court and with the debtor's primary asset declining in value. Because of the wasting nature of the debtor's only significant asset, it is imperative to resolve the asset's disposition as rapidly as possible before a competent court. At this time, the Bankruptcy Court is most familiar with pertinent facts including the nature of each bid and of the entity likely to result from the award of FNN to CNBC. That factual background is essential to the reasoned consideration of the application for a preliminary injunction and the antitrust concerns which the cases in question present.

As a footnote, it should be noted that opponents to the motion for withdrawal have raised serious questions as to the timeliness of the motion, which was presented on the eve of the Bankruptcy Court's scheduled consideration of these questions. While I make no finding as to timeliness, I do not dismiss that objection, either.

Identical considerations apply to the question of Dow's suit to enjoin a sale to CNBC, and for the reasons indicated above that case is referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

Section 157(a) provides:

Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

This district has issued a standing order referring all such cases to its Bankruptcy Court.

Here there is no question that Dow's antitrust suit is related to the pending bankruptcy action. Dow seeks to enjoin acquisition of FNN's assets by CNBC. The disposition of those assets is the central question of the pending bankruptcy case. Because that is the case, the case must be referred pursuant to § 157(a).

CNBC also argues that Dow's antitrust action is required to be brought in Bankruptcy Court by the automatic stay provisions of 11 U.S.C. § 362(a)(3), and that, unlike the states, Dow is not protected by the exception provided for government regulatory agencies by § 362(b)(4). This argument presents a serious question but need not be resolved given the mandatory reference pursuant to § 157(a).

Accordingly, the states' motions to withdraw the reference are denied, and CNBC's motion to refer Dow's case to the Bankruptcy Court is granted. Because it is claimed that the antitrust litigation may hereafter present undecided questions of law which are not yet apparent, and since the need for rapid resolution of antitrust issues may abate following consideration of the pending motions for preliminary injunctive relief, today's ruling is without prejudice to renewal upon a showing that unde-

cided questions of law are inherent in the antitrust claims asserted by the various states or by Dow–Group W.

It is so ordered.