**In re William & Joyce WALTON, Debtors.**

**William & Joyce WALTON, Plaintiffs,**

v.

**AG CREDIT, ACA, et al., Defendants.**

**Bankruptcy No. 92–30440.
Adv. No. 93–3152.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 2, 1993.

Bernard Bauer, Findlay, OH, John J. Hunter, Jr., Toledo, OH, for Ag Credit.

Malcolm Goodman, Marion, OH, Trustee.

## OPINION AND ORDER TRANSFERRING ADVERSARY PROCEEDING TO DISTRICT COURT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the Court's own motion to refer William and Joyce Walton's ("the Debtors") complaint filed May 19, 1993 alleging violations of their Constitutional rights to Equal Protection and Due Process and alleging discrimination under 42 U.S.C. § 1983 to the United States District Court. The Court having closely examined each cause of action in the Debtors' complaint finds that the Debtors' allegations require substantial and material consideration of non-code federal statutes that regulate organizations or activities affecting interstate commerce for the resolution of this proceeding and pursuant to 28 U.S.C. § 157(d) withdrawal of this proceeding to the District Court is mandatory. Further, this Court finds that Debtors are entitled to a jury trial in their action alleging violations of 42 U.S.C. § 1983. Since the Sixth Circuit has held that bankruptcy courts are not statutorily authorized to conduct jury trials, this action will be transferred to the District Court.

## FACTS

On December 30, 1991, Debtor Joyce Walton filed a voluntary petition under chapter 7 of title 11. Joyce Walton's husband, Debtor William Walton filed a voluntary petition under chapter 7 of title 11 on February 10, 1992. These cases were consolidated on Debtors' requests on March 13, 1992, and all further entries docketed on Case No. 92–30440.

The Wyandot County Court of Common Pleas had previously set aside certain transfers of property as fraudulent under O.R.C. § 1336.04 in Case Number 90–CV–89 ("the State Court Action"). The Wyandot County Court of Common Pleas prohibited Debtors and Wheatley Corporation, a corporation which was determined to be a fraudulent transferee in the State Court Action, from transferring any assets or property until further court order and ap-

pointed a receiver to take charge of any proceeds obtained by Wheatley. William Clark ("Clark") was appointed as receiver.

This Court granted creditor Ag–Credit, ACA's ("Ag–Credit") application for abandonment and an annulment of the automatic stay for certain real property which had been determined to be property of the Debtors in the State Court Action on April 10, 1992. The Court found that the Debtors had no equity in the property. Additionally, this Court dismissed Joyce Walton's allegations of contempt for violation of the automatic stay against Clark and Ag–Credit. *See* Opinion and Order Granting Application for Abandonment and Motion for Relief from Stay of Ag–Credit, ACA dated April 10, 1992 ("Abandonment Order").

On August 6, 1992, this Court issued an opinion denying the Debtors' demand for protection under the Farm Credit System Act in the real property which had been the subject of the Abandonment Order because the Court lacked jurisdiction over this matter under title 11. *See* Opinion and Order Denying Debtors' Demand for Protection Under Farm Credit System Act.

On February 18, 1993, this Court denied Debtors request to void the sale of the land which was the subject of the Abandonment Order because the Debtors did not file an adversary proceeding as required. *See* Order Denying Request for Order to Avoid Sale.

This Court heard Debtors' motion for "Entry Alternative Recusal re Common Pleas Court Case No. 90–CV–89" on May 19, 1993. The Debtors' alleged contempt against a number of parties for violation of the automatic stay. The parties included Clark, Ag–Credit, John Hunter, Jr. ("Hunter") and Bernard Bauer ("Bauer"), attorneys for Ag–Credit, Charles Bartholomew, Prosecuting Attorney for Wyandot County ("Bartholomew"), and Malcolm Goodman, trustee of the Debtors' bankruptcy estate (the "Trustee"). These parties have allegedly violated the automatic stay provisions of 11 U.S.C. § 362 in regard to property held by Clark including approximately $10,000 in cash which is claimed to be the

property of the Wheatley Company, $555 in cash representing the proceeds from the sale of a corn head and $130 in stock dividends made payable to Debtors. Debtors claim that they possess no interest in any of these assets. Debtors do claim an interest in a state tax refund check payable to Debtors for $920 (the "Refund") which is held by Clark.

Subsequently on May 19, 1993, the Debtors filed a complaint in this Court stating causes of action including violation of Debtors' right to Equal Protection, violation of Debtors' right to Due Process and violation of Debtors' civil rights. Though Debtors have not cited statutory authority for their civil rights claim, their claim appears premised on 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983. The Debtors' first cause of action alleges that Clark, Judge Robert Walker ("Walker") who was the judge in the State Court Action, Ag–Credit and Hunter have proceeded under color of Ohio statutes to enforce judgement liens in disregard of the automatic stay in bankruptcy, thereby violating Debtors' civil rights and Constitutional rights to Due Process and Equal Protection. This cause of action further alleges that actions taken by Clark, Walker, Bauer and Hunter in proceedings for the sale of the subject property in the Abandonment Order violated Debtors' civil rights and Constitutional rights to Due Process and Equal Protection by denying Debtors' homestead exemptions under O.R.C. § 2329.66. Further, Clark, Ag Credit, Hunter and Bauer allegedly conspired to discriminate against Debtors and deny Debtors Equal Protection and Due Process. The Debtors' second cause of action alleges that Ag Credit, Hunter and Bauer perpetrated a fraud on this Court which damaged Debtors. Debtors' third cause of action alleges that Walker and Clark have violated Debtors' right to Due Process under the Fourteenth Amendment and engaged in a conspiracy to deny Debtors' right to Equal Protection. Debtors' fourth cause of action alleges that Bartholomew willfully violated the automatic stay in bankruptcy and conspired with Clark and Walker to defraud Debtors. In addition, Debtors' fourth cause of action seeks to assert the rights of certain third parties in real property. Each of Debtors' causes of action seek compensatory and punitive damages.

## DISCUSSION

"There is no question this case is the type provided for by the second sentence of § 157(d) which requires mandatory withdrawal by the District Court," as in *Derryberry v. The Toledo Trust Co. (In re Hartley)*. 55 B.R. 781, 784 (Bankr.N.D.Ohio 1985). Section 157(d) of 28 U.S.C. states:

The District Court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The District Court shall on a timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In *Derryberry*, this Court noted that " 'Congress' intent can only be conjecture, but perhaps Congress had in mind that District Judges, which consider such matters on a daily basis, are better equipped to determine them than are Bankruptcy Judges' ". *Derryberry*, 55 B.R. at 784 (quoting Collier on Bankruptcy para. 3.01 at 3.41 (15th ed. 1985)).

This Court held that "the mere fact that traditional bankruptcy issues are raised with non-code federal statutes does not permit the bankruptcy court to take jurisdiction in light of § 157(d)". *Derryberry*, 55 B.R. at 785 (noting that *Michigan Milk Producers Ass'n v. Hunter*, 46 B.R. 214 (N.D.Ohio 1985) stands for the same proposition). However, the application of § 157(d) must be narrow " 'requir[ing] withdrawal not simply whenever non-code federal statutes will be considered but rather only when such consideration is necessary for the resolution of a case or proceeding' ". *Derryberry*, 55 B.R. at 785 (quoting *In re White Motor Corp.*, 42 B.R. 693, 704 (N.D.Ohio 1984)).

Debtors have alleged in their first cause of action that a state court receiver, a state judge, a creditor in Debtors' bankruptcy case and the attorney of a creditor in Debtors' bankruptcy case have violated the automatic stay provisions of 11 U.S.C. § 362 under color of Ohio statutory law, thus depriving Debtors of Equal Protection, Due Process and Debtors' civil rights under 42 U.S.C. § 1983. Though these allegations present traditional bankruptcy issues, they also require substantial and material consideration of a non-code federal statute for their resolution. One case reviewing the legislative history of 28 U.S.C. § 157(d) indicates that cases which contain substantive civil rights issues were intended to be subject to mandatory withdrawal. *Pereira v. New York Hotel and Motel Trades Council (In re Chadbourne Industries, Ltd.)*, 100 B.R. 663 (S.D.N.Y.1989). The *Pereira* court quotes Representative Kastenmeier as stating that § 157(d) should be construed to include " 'cases involving the National Labor Relations Act, Civil Rights laws, Securities and Exchange Act of 1934 and similar laws' ". *Pereira*, 100 B.R. at 666 (quoting Representative Kastenmeier, 130 Cong.Rec. H1849–50 (daily ed. Mar. 21, 1984)). Civil rights law clearly fits 28 U.S.C. § 157(d)'s requirement of representing "other laws of the United States regulating ... activities affecting interstate commerce". *See Katzenbach v. McClung*, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964) (holding that Civil Rights Act of 1964 regulating activities which affect commerce was a valid exercise of Congress' power to regulate interstate commerce). Thus, Debtors' civil rights action is subject to mandatory withdrawal of reference to the District Court under 28 U.S.C. § 157(d).

This Court has stated that it "does not believe that [the language in the second sentence of 28 U.S.C. § 157(d) ] excludes the Bankruptcy Court from making the motion [for mandatory withdrawal of reference]". *Derryberry*, 55 B.R. at 785. First, "parties do not have the right to consent to the trial of non-code matters pursuant to § 157(c)(2)". *Derryberry*, 55 B.R. at 785 (citing 1 Collier on Bankruptcy para. 3.01 at 3–43 (15th ed. 1985)). Further, "[t]he Court does not agree that the parties may waive the provisions of § 157(d)[,] for to permit waiver would be to allow them to do indirectly what they most assuredly cannot do directly". *Derryberry*, 55 B.R. at 785. Second, this Court believes that "it is the duty of the Bankruptcy Judge to bring the matter to the District Court's attention to avoid costly delays and wasted efforts of the parties and the Bankruptcy Court." *Derryberry*, 55 B.R. at 786. Therefore, mandatory withdrawal of reference by the Court is required.

Since it is necessary to consider the Debtors' civil rights claims for complete resolution of the instant adversary action, withdrawal of reference is mandatory under 28 U.S.C. § 157(d). Therefore, in accordance with § 157(d) and judicial economy, this Court finds that it has the right sua sponte to direct withdrawal of reference and transfer this proceeding to the United States District Court.

Further, this Court finds that Debtors are entitled to a jury trial on these causes of action under the Seventh Amendment, and thus, this proceeding must be transferred to the United States District Court. First, Debtors' complaint represents an action to enforce legal rights under 42 U.S.C. § 1983. Here, as in *Curtis v. Loether*, the "cause of action is analogous to a number of tort actions recognized at common law". *See Curtis v. Loether*, 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974) (holding that an action for violation of the fair housing provisions of the Civil Rights Act represented a legal action where a jury trial was required under the Seventh Amendment). The Debtors seek actual and punitive damages. These types of relief were the traditional forms of relief offered in the courts of law. *Curtis*, 415 U.S. at 195, 94 S.Ct. at 1009. Therefore, Debtors' claim under 42 U.S.C. § 1983 represents a legal claim. Second, this case does not involve the creation of " 'public rights' " by Congress where Congress may "assign their adjudication to an

administrative agency with which a jury trial would be incompatible, without violating the Seventh Amendment's injunction that jury trial is to be 'preserved in suits at common law' ". *Granfinanciera v. Nordberg,* 492 U.S. 33, 51, 109 S.Ct. 2782, 2795, 106 L.Ed.2d 26 (1989) (quoting *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n,* 430 U.S. 442, 455, 97 S.Ct. 1261, 1269, 51 L.Ed.2d 464 (1977)). The Supreme Court made clear in *Granfinanciera* that "public rights" do not include " 'wholly private tort[s]' " such as those alleged by Debtors. *Granfinanciera,* 492 U.S. at 51, 109 S.Ct. at 2795 (quoting *Atlas Roofing,* 430 U.S. at 458, 97 S.Ct. at 1270)). Third, this Court holds that Debtors have not submitted themselves to the equity jurisdiction of this Court with respect to Debtors' civil rights claims. Though *Granfinanciera* held that creditors forfeit the right to a jury trial by filing a claim against the estate, this Court does not believe that *Granfinanciera* should be read so broadly as to preclude Debtors from a jury trial on their legal claims. Debtors causes of action do not arise " 'as part of the process of allowance and disallowance of claims' " nor are they "integral to the restructuring of debtor-creditor relations". *Granfinanciera,* 492 U.S. at 58, 109 S.Ct. at 2799 (quoting *Katchen v. Landy,* 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966)). Thus, Debtors are entitled to a jury trial on their legal claims.

Accordingly, since the Sixth Circuit has held that bankruptcy courts are not authorized by statute to conduct jury trials, this proceeding will be transferred to the United States District Court. *Rafoth v. National Union Fire Insurance Co. (In re Baker & Getty Financial Services, Inc.),* 954 F.2d 1169 (6th Cir.1992).

In summary, this Court finds that since it is necessary to consider the Debtors' civil rights claims for complete resolution of the instant adversary proceeding, withdrawal of reference is mandatory under 28 U.S.C. § 157(d). This Court finds that it has the right sua sponte to direct withdrawal of reference and transfer this proceeding to the United States District Court. Addition-ally, this Court finds that Debtors are entitled to a jury trial because Debtors' adversary proceeding represents a legal action which does not involve the adjudication of public rights. Debtors have not submitted themselves to this Court's equity jurisdiction for determining their legal claims under 42 U.S.C. § 1983. Therefore, since the Sixth Circuit has held that bankruptcy courts are not statutorily empowered to hear jury trials, this proceeding will be transferred to the United States District Court.

For the foregoing reasons, it is

ORDERED that this proceeding be, and it hereby is, transferred to the United States District Court.