In re ST. MARY HOSPITAL, Debtor.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services

v.

Roger B. HISER, Trustee.

Bankruptcy No. 88–11421S.

Adv. No. 89–1037S.

Misc. No. 90–0082.

United States District Court, E.D. Pennsylvania.

May 11, 1990.

As Amended May 17, 1990.

496

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for Secretary.

David S. Fishbone, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for St. Mary.

Mark H. Gallant, Philadelphia, Pa., for trustee.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Contending there is no federal jurisdiction over the claims involved, the Secretary of Health and Human Services seeks mandatory withdrawal of the automatic reference to the bankruptcy court of a counterclaim and request for turnover filed by the debtor's trustee. The Secretary's motion for mandatory withdrawal of the bankruptcy reference under 28 U.S.C. § 157(d) will be granted for the reasons that follow.

For the most part, the facts are undisputed. On April 27, 1988, St. Mary Hospital (the "debtor") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. On November 15, 1989, the Secretary filed in the bankruptcy court an adversarial complaint for declaratory relief to verify his right to set-off post-petition overpayments to the debtor from the Medicare program against post-petition amounts due to the debtor from the Medicare program. On December 18, 1989, the debtor's trustee filed an answer to the adversarial complaint, a counterclaim for declaratory relief, and a request for turnover. The trustee claims that the Secretary has underreimbursed the debtor for services provided to Medicare beneficiaries during fiscal years ending June 30, 1987, and June 30, 1988, and for the period between July 1, 1988, and December 1, 1988. The Secretary moved to dismiss the counterclaim and request for turnover on the ground that federal court jurisdiction is lacking over these claims. The Secretary contends that the trustee failed to exhaust the available administrative remedies under the applicable Medicare statute, 42 U.S.C. § 1395oo, and consequently, prematurely filed his counterclaim and request for turnover in the bankruptcy court. The Secretary now moves for mandatory withdrawal of the bankruptcy reference under 28 U.S.C. § 157(d), because he asserts that the resolution of the trustee's counterclaim and request for turnover "requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Section 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so

withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

On its face, this statute seems straightforward, but the courts which have attempted to ascertain its true meaning are not uniform in their interpretation. In *In re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984), the first case to tackle section 157(d), the court analyzed the legislative history of the statute and concluded that withdrawal is mandatory "only if th[e court] ... can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes" which have more than a *"de minimis"* impact on interstate commerce. *Id.* at 705. The court further cautioned that section 157(d)'s mandatory withdrawal provision is "not an escape hatch through which most bankruptcy matters will be removed to the district court," but should be used only where it is absolutely necessary under the circumstances and not where the withdrawal motion is based on speculation about federal issues which may or may not arise in the proceedings. *Id.* at 704; *see also Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc., et al.,* 107 B.R. 34 (D.Del.1989); *In re Texaco,* 84 B.R. 911 (S.D.N.Y.1988); *Pension Benefit Guaranty Corp. v. LTV Corp.,* 86 B.R. 33 (S.D.N.Y.1987); *In re Hawkeye Chemical,* 73 B.R. 318 (Bankr.S.D.Iowa 1987); *Boricua Motors Corp. v. Tamachi, Inc.,* 76 B.R. 891 (D.Puerto Rico 1987); *In re Johns–Manville Corp.,* 63 B.R. 600 (S.D.N.Y.1986); *Burger King Corp. v. B–K of Kansas, Inc.,* 64 B.R. 728 (D.Kan.1986); *In re Baldwin–United Corp.,* 57 B.R. 751 (S.D.Ohio 1985).

■ Other courts, a minority, apply section 157(d) literally and use the mandatory withdrawal provision only when resolution of the proceeding requires "substantial and material" consideration of *both* bankruptcy and non-bankruptcy law. *See St. Joseph's Hospital v. Louis W. Sullivan, M.D.,* Misc. No. 89–0583 (E.D.Pa. November 20, 1989) (Giles, J.); *In re Oneida Freight, Inc.,* 1988 U.S.Dist. Lexis 16714 (D.N.J.1988); *Price*

*v. Craddock,* 85 B.R. 570 (D.Colo.1988); *In re IQ Telecommunications, Inc.,* 70 B.R. 742 (N.D.Ill.1987); *In re Anthony Tammaro, Inc.,* 56 B.R. 999 (D.N.J.1986); *In re Maislin Industries, U.S. Inc.,* 50 B.R. 943 (Bankr.E.D.Mich.1985). This position has not attracted as many followers as that espoused in *White Motors* because it seemingly defeats the whole purpose of section 157(d), the withdrawal of matters requiring the application of non-bankruptcy law from the relatively less experienced bankruptcy court to the more experienced district court. Under the minority view, it may happen that issues in which the bankruptcy court is less experienced remain with it because there are no novel, material bankruptcy issues. If the intent of section 157(d) is to have substantial and material non-bankruptcy matters determined by the district court, it would seem incongruous to prevent their withdrawal just because there are no substantial and material bankruptcy questions that are also involved. Although this case does not present a situation where the minority view causes such a result, because both "substantial and material" consideration of both bankruptcy and non-bankruptcy statutes are involved, I find the minority view to be unpersuasive, and will adopt the majority interpretation of section 157(d).

■ All of the elements for section 157(d) withdrawal are present here. The parties do not dispute that the Medicare statute regulates "organizations or activities affecting interstate commerce" in more than in a *"de minimis"* fashion. Both the Secretary and the trustee agree that resolution of the counterclaim is a Medicare question and is a "matter of first impression" in the courts. Trustee's mem. in opp., at 3. However, the trustee argues that the counterclaim will be resolved without "substantial and material" consideration of the Medicare statutes themselves. He contends that the express words of the Medicare statutes do not apply to the issues raised in the counterclaim and that a court will have to undertake a search for the statutory intent to resolve them. From this position he concludes that it is not a consideration of the Medicare statutes that will be involved, but a consideration of

congressional intent, and therefore withdrawal of the reference is not mandatory. I disagree. When the bankruptcy court must engage in a complex search for the appropriate interpretation of a nonbankruptcy federal statute involving an issue of first impression, section 157(d) withdrawal is required. The trustee's attempt to distinguish this case on that ground is without merit.

Even if I were to adopt the minority view, I would find that "substantial and material" consideration of title 11 is also required in this case. The trustee's counterclaim requests that the Secretary turn over, in accordance with 11 U.S.C. § 542, amounts due the debtor, which it claims are property of the estate under 11 U.S.C. § 541. The trustee also seeks declarations that certain other amounts due the debtor are property of the estate or are pre-petition unsecured debts. Both issues involve selected provisions of the bankruptcy code. The trustee further requests costs and attorneys fees under title 11. This dispute clearly calls for "substantial and material" consideration of both title 11 and the Medicare statute. Therefore, I will grant the Secretary's motion for withdrawal of the reference.