In re 1733 RIDGE ROAD EAST, INC.
d/b/a Dodgetown, Debtor.

Robert S. COOPER, Trustee of 1733
Ridge Road East, Inc., Plaintiff,

v.

Jack W. HOWITT, John C. Seefried, Arman R. Simone, Elliot Landsman a/k/a Elliott Landsman, Seymour Morris, Alan Bartholomew, Beatrice Howitt, Dama Jung, Jerry Hurwitz and Bartram Levenson, Defendants.

No. CIV-91-6065.

United States District Court,
W.D. New York.

April 8, 1991.

Jeffrey Baker, Harris, Beach & Wilcox, Rochester, N.Y., for plaintiff.

Norman Spindelman, Fix, Spindelman, Turk, Himelein & Shukoff, Rochester, N.Y., for defendants.

AMENDED DECISION AND ORDER

TELESCA, Chief Judge.

## INTRODUCTION

This is an adversary proceeding brought by the trustee in bankruptcy in *In re 1733 Ridge Road East. Inc. d/b/a Dodgetown*, Bk. No. 90-21442. The debtor corporation ("Dodgetown") was an auto dealership. The defendants are 10 shareholders in the debtor corporation who allegedly signed promissory notes to infuse capital, up to a combined total of $300,000, into Dodgetown. They move in this Court for various relief: An order withdrawing the reference of this matter from Bankruptcy Court, the basis for which is defendants' assertion

that the action is a non-core proceeding for which the Bankruptcy judge can not conduct a jury trial; a subsequent order abstaining from hearing this adversary proceeding, the basis for which is defendants' assertion that the claim is fundamentally a state law claim which should be heard in state court after the bankruptcy case is resolved; alternatively, defendants seek either dismissal of the complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), or dismissal of the action for lack of standing; finally, defendants request that the law firm of Harris, Beach be disqualified from representing the trustee because the firm's earlier and continuing representation of a creditor, Norstar Bank, N.A. ("Norstar"), may constitute a conflict of interest, in support of which defendants suggest that Norstar's dealings with Dodgetown may give rise to liability on the part of the lender.

For the reasons discussed briefly below, I find that the defendants have failed to proffer cause for withdrawal of the reference to the Bankruptcy Court, as required by 28 U.S.C. § 157(d), and accordingly I deny their motion for withdrawal.

## DISCUSSION

### Background

Norstar provided "floor-plan" financing to Dodgetown. In 1987, Norstar allegedly indicated to Dodgetown that it would no longer provide credit to the auto dealer. As an inducement for Norstar to continue providing credit, 10 shareholders in Dodgetown, each owning over 8% of Dodgetown's stock, each signed a promissory note obligating the shareholder, upon the occurrence of certain events, to make a *pro rata* capital contribution to Dodgetown sufficient to bring its net worth up to $300,000. The notes provide for their assignment to Norstar by Dodgetown.

Dodgetown subsequently defaulted on its obligations to Norstar and in July 1990, filed a Chapter 11 petition in which Norstar

was listed as a partially secured creditor in the amount of $771,668. In August 1990, Norstar moved for relief from the automatic stay, which motion was unopposed, to liquidate the vehicle inventory of the debtor. The vehicles were liquidated for $335,-800. In September 1990, Norstar again moved for relief from the automatic stay, which motion was unopposed, to liquidate the non-vehicle inventory. These liquidation proceeds amounted to $76,454.

When Norstar's demands upon the notes were ignored by the shareholders, Norstar commenced a state court action directly against the 10 shareholders who had signed the notes. The defendants moved to dismiss that action, arguing that Dodgetown, and not Norstar, had rights under the notes; that Norstar had no right to pursue a claim upon behalf of other Dodgetown creditors, and that no determination could be made until Dodgetown's bankruptcy was resolved. In December 1990, the parties stipulated to dismissal of the state court action.

Meanwhile, the trustee in bankruptcy had determined that there were no assets in the debtor's estate, *until* he was informed of the existence of these notes. The trustee, represented by Harris, Beach, filed this adversary proceeding in January 1991.

### The Applicable Law

28 U.S.C. § 157(a) provides that a district court may refer to the bankruptcy judge for that district[1] "any or all cases under title 11 and any or all proceedings under title 11 or arising in or related to a [bankruptcy] case...." Subsection (b) provides, in part, that the bankruptcy judge may "hear and determine" all core proceedings in a referred bankruptcy case; subsection (c) provides, in part, that the bankruptcy judge may report and recommend on all non-core proceedings in a referred bankruptcy case. The bankruptcy court makes the initial determination of whether a mat-

---

**1.** Bankruptcy cases in the Western District are automatically referred to Bankruptcy Court pursuant to the standing order of the Court, "Procedures For The Handling Of Cases Under And Proceedings Arising Under And Proceedings Arising In Or Related To A Case Under Title 11 U.S.C.", filed July 13, 1984.

ter is core or non-core. 28 U.S.C. § 157(b)(3).

Section 157(d) provides in relevant part: [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown.* (Emphasis added.)

Bankruptcy Rule 5011 provides in relevant part that a motion for withdrawal must be heard by the district judge.

The basis for defendants' motion to withdraw the reference is their assertion that this claim is a non-core proceeding. While § 157(b)(3) expressly states that the bankruptcy judge shall determine whether a proceeding is core or non-core, the Bankruptcy Code is not entirely clear as to which court should make a core/non-core determination arising in the context of a motion to withdraw a referral, which motion must be decided by the district court.

█ The classification of a proceeding as core or non-core is in itself a core proceeding which, once decided by the bankruptcy judge, is subject only to review for clear error. *See In re Lion Capital Group*, 48 B.R. 329, 338 n. 15 (Bankr.S.D.N.Y.1985). In a subsequent case in which the core/non-core determination arose before the district court in a motion for withdrawal, however, the same court stated:

Plaintiff's suggestion that only the bankruptcy court may classify an action as a core or non-core proceeding does not merit much discussion. . . . [M]erely [because] a prior determination by the bankruptcy court normally will be binding on the district court [ ] says nothing of the district court's ability to classify a proceeding where the bankruptcy court has not already done so. . . . *Interconnect Telephone Services v. Farren*, 59 B.R. 397, 401 n. 2 (Bankr.S.D.N.Y.1986).

The District Court of Delaware has recently held, in the context of a withdrawal motion, that

28 U.S.C. § 157(b)(3) requires the bankruptcy judge to determine whether a proceeding is core or non-core. Longstanding principles of statutory construction require that an unambiguous statute be read according to its plain and unambiguous language, which in the instant case requires the conclusion that the bankruptcy judge decide whether matters are core or non-core. *Citation omitted.* . . . Thus, the Court concludes that before withdrawal of reference motion is presented to the District Court, the bankruptcy judge must make the determination of whether proceedings are core or non-core. *In re Delaware & Hudson RR*, 122 B.R. 887, 891–92 (1991).

In that case, however, the court went on to say that, while it would adhere to that position in the future, it would resolve the core/non-core issue in the pending case rather than remand to bankruptcy court for that purpose. *Id.* at 892.

It is difficult to understand how the instant claim could be anything but a core proceeding. This adversary proceeding may very well determine whether there are *any* assets to distribute to Dodgetown creditors. Since it effectively seeks to restructure debtor-creditor relations, it is "at the heart of the administration of the bankrupt estate" and thus appears to be the very type of state law claim that should be adjudicated in the bankruptcy court. *See In re Manville Forest Products Corp.* 896 F.2d 1384, 1389 (2d Cir.1990), *citing Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

█ Nevertheless, I am persuaded by the reasoning of the court in *Delaware & Hudson* and find that the Bankruptcy Court should determine, in the first instance, the nature of this proceeding. Given the facts of this case, I further find that the proper determination of the motion to withdraw the bankruptcy reference requires me neither to remand the case only for the limited determination on the core/non-core issue nor to determine that issue together with the other substantive issues presented by the defendants to this Court.

█ Neither the Bankruptcy Code and Rules nor the applicable case law definitively sets the parameters of permissive

withdrawal of a bankruptcy reference under § 157(d). Considering, however,

the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process,

as is appropriate in determining a motion to withdraw a bankruptcy reference, *Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985); *see also In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990), *cited in Delaware & Hudson,* 122 B.R. at 892, I find that defendants have shown no cause for withdrawing the reference of this case to the bankruptcy court. All of the issues which defendants raise—the core/non-core distinction, the question of permissive abstention, the failure of the complaint to state a claim, whether the trustee has standing, and whether Harris, Beach should be disqualified from representing the trustee—are for the bankruptcy court to consider initially, pursuant to 28 U.S.C. § 157. Even if, for instance, the Bankruptcy Court should find that this is a non-core proceeding to which there is no right to a jury trial at the bankruptcy court level, *cf. In re Ben Cooper, Inc.,* 896 F.2d 1394, 1402 (2d Cir.1990), it is for *that* Court to determine that the case is no longer within its jurisdiction, *after* it has made those determinations which are by statute and referral order for it to make. The jurisdiction of the Bankruptcy Court should not be circumvented simply by the presentation of these issues in the context of a motion to withdraw the reference.

WHEREFORE, defendants' motion for an order withdrawing the reference of this case to the Bankruptcy Court is denied. This amended Decision and Order supersedes the Decision and Order of this Court, dated April 5, 1991, which is hereby vacated.

ALL OF THE ABOVE IS SO ORDERED.