**In re the Matter of BERRY**

**v.**

**CHAPTER 13 TRUSTEE, et al.**

**No. C92–1267C.**

United States District Court, W.D. Washington.

April 13, 1993.

---

Diane E. Tebelius, U.S. Atty.'s Office, Seattle, WA, Robert S. Whitman, U.S. Dept. of Justice, Washington, DC, for movant.

Paul D. Carey, Betts, Patterson & Mines, Seattle, WA, for objector.

## AMENDED ORDER ON APPEAL

COUGHENOUR, District Judge.

This matter is before the Court on the parties' cross appeals from the bankruptcy court's orders in the above-captioned case. Having reviewed all relevant documents, and being otherwise fully informed, the Court finds and rules as follows:

### I. Background

The regional Chapter 13 Trustee ("Trustee"), supported by an office staff, services the local bankruptcies covered under Chapter 13. Regional Trustees are, in turn, supervised by the United States Trustee Program ("Program"), which reviews and approves or denies the Trustees' yearly budget requests and budget projections. Funding is derived solely from a percentage of the local pool of bankruptcy funds and is used for "actual, necessary expenses" under 28 U.S.C. § 586(e).

In 1989, an employee of the local Chapter 13 Trustee's office filed a sex and race discrimination suit against the office and the Trustee.[1] The suit alleged no personal wrongdoing by the Trustee; instead, the individual allegations were based primarily on the actions of the former Trustee Office's personnel director.

For the following 2½ years, the Trustee submitted budget and audit reports to the Program, which included litigation expenses in the lawsuit described above, and the Program approved those budgets and authorized payments as actual and necessary operating expenses of the Chapter 13 Trustee. Additionally, at the start of the litigation, the Trustee informed the Program's Regional U.S. Trustee that he had hired a law firm to defend the suit. He regularly apprised the Program's Regional Trustee and her assistant as to the status of the suit.

When trial of the lawsuit was less than six weeks away, the Program abruptly changed its position and refused to permit the Trustee to continue treating defense costs as operating expenses of the trusteeship. Accordingly, the Program refused to treat the subsequent settlement award as an operating expense, though the Regional Trustee supported the Trustee's request. Finally, during the course of this proceeding, the Program produced a "statement of position" which determined, as a matter of Program policy, that 28 U.S.C. § 586(e) does not encompass defense and settlement costs of a discrimination suit filed by a Chapter 13 employee against a Chapter 13 Trustee. United States Bankruptcy Court Judge Glover ruled this policy arbitrary, capricious and contrary to 28 U.S.C. § 586(e)(1), and held that the Trustee's litigation expenses constituted ordinary and

---

1. *Berry v. Chapter 13 Trustee's Office, a sole proprietorship, and Herb Satterlee, Jr. and Jane*  *Doe Satterlee, husband and wife, dba Chapter 13 Trustee.*

68

necessary operating expenses under that statute.

The Program appeals that determination, and the award of attorney's fees. The Trustee cross-appeals, arguing that Judge Glover should have also based his decision on estoppel grounds.

## II. Analysis

■ This Court must review the Bankruptcy Court's findings of fact under the clearly erroneous standard, and its conclusions of law *de novo*. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986). A dispute exists regarding whether this case involves a "non-core" matter, where both findings of fact and conclusions of law would be reviewed *de novo*. The Court concludes that it is a core matter. *See, e.g., In re Robert W. Myers*, 147 B.R. 221, 225 (Bankr. Or.1992) (similar case a core matter under § 157(b)(2)(A)).

■ Although given from the bench, Judge Glover's opinion declaring the Program's litigation expense policy arbitrary and capricious was both thoughtful and carefully reasoned. This Court finds that reasoning compelling. Moreover, this Court notes that the Program's "statement of position" memorandum appears to be an interpretive rule, "carry[ing] no more weight on judicial review than [its] inherent persuasiveness commands." *Drake v. Honeywell, Inc.*, 797 F.2d 603, 607 (8th Cir.1986) (internal quotation and citation omitted). The Program's position statement is contrary to the plain meaning of 28 U.S.C. § 586, and is inconsistent with its own citations and supporting rationale. *See In re Myers*, 147 B.R. at 233–38 [2] The Program's statement also conflicts with other congressional policies and statutes. *See, e.g.,* 28 U.S.C. § 959. Therefore, the Court AFFIRMS that part of the opinion below which finds the Program's litigation expense policy arbitrary and capricious and which declares the costs of defense and settlement of the Berry lawsuit actual and necessary expenses incurred by Mr. Satter-

lee in his capacity as Chapter 13 Trustee under 28 U.S.C. § 586.

This Court also AFFIRMS that part of the opinion below which finds that the costs of obtaining the relief discussed above were part of the overall expense involved in the Berry lawsuit and thus were likewise actual and necessary expenses of the Chapter 13 Trustee pursuant to 28 U.S.C. § 586. Contrary to the Program's assertions, the appeal of the original holding in this case did not deprive the bankruptcy court of jurisdiction over remaining issues. *See Matter of Sullivan Central Plaza I, Ltd.*, 935 F.2d 723 (5th Cir.1991). Here, the bankruptcy court explicitly acted to retain jurisdiction over the costs and expenses issue. Because this matter was not the subject of the pending appeal, even though it was tangentially related to it, the retention of jurisdiction was not improper. *Id.* Moreover, the bankruptcy court's ruling on the nature of the costs and expenses properly derived from an analysis of 28 U.S.C. § 586, an independent alternative to a ruling on the basis of the Equal Access to Justice Act.

■ Finally, this Court finds that the bankruptcy court relied upon an erroneous burden of proof when deciding Mr. Satterlee's estoppel claim. *See United States v. Ruby Co.*, 588 F.2d 697, 701 (9th Cir.1978), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979) (a "preponderance of the evidence" standard, not a "beyond a reasonable doubt" standard is the proper standard of proof in judging estoppel claims). However, while the Trustee does establish the traditional elements of estoppel, *see United States v. Wharton*, 514 F.2d 406, 412 (9th Cir.1975), to impose an estoppel against the government, the Trustee must also demonstrate: (1) affirmative misconduct that (2) causes serious injustice. *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir.1989) (en banc), *cert. denied*, 498 U.S. 957, 111 S.Ct. 384, 112 L.Ed.2d 395 (1990). Judge Glover's opinion does not lead the Court to conclude that the

2. *Myers* also sets out a compelling argument that the Program's statement of position is enti-

tled to no deference whatsoever. *Id.*

Program's actions constituted affirmative misconduct.

### III. Conclusion

For the foregoing reasons, the bankruptcy court's decision is AFFIRMED, except as to the burden of proof required in establishing an estoppel claim.

The Clerk of this Court is directed to send copies of this Order to all counsel of record and to Bankruptcy Judge Thomas T. Glover.