**UNITED STATES of America, Petitioner,**

v.

**Robert M. WOOD, Respondent.**

Civ. No. 93–4634 (CSF).
Bankruptcy No. 93–3526.

United States District Court,
D. New Jersey.

Nov. 18, 1993.

Michael Chertoff, U.S. Atty. by Robert A. Farkas, Asst. U.S. Atty., Trenton, NJ, U.S. Trustees by Martha L. Davis, Gen., Paul W. Bridenhagen, Atty., Executive Offices for U.S. Trustees, Washington, DC, for petitioner.

Wood, Broege, Neumann & Fischer by Peter J. Broege, Manasquan, NJ, for respondent.

## AMENDED OPINION

CLARKSON S. FISHER, District Judge.

Before the court is a motion for withdrawal of the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). Petitioner, the United States, argues that reference of a proceeding to the bankruptcy court must be withdrawn under 28 U.S.C. § 157(d) if the proceeding requires consideration of federal laws, other than the Bankruptcy Code, regulating organizations or activities affecting interstate commerce. In the alternative, the United States contends that permissive withdrawal is appropriate because good cause exists therefor. Respondent, Robert M. Wood, has submitted opposition to this motion. For the reasons set forth below, the United States' motion is granted.

On September 28, 1993, Wood, a standing trustee for cases under 11 U.S.C. § 1301, filed a motion in the bankruptcy court in the District of New Jersey for an order to show cause why his 1994 fiscal year budget should not be approved and directing the office of the United States Trustee to fix the fee of defendant at 7.5%. In his complaint the standing trustee alleges that the United States Trustee ("UST") acted arbitrarily and capriciously and abused his discretion when, on the day the 1994 fiscal year was to commence, the UST presented to the respondent in court an order fixing his compensation and the percentage fee at 5.5%. The respondent's percentage in 1993 was 8.5%. Respondent's proposed 1994 budget showed 7.25%. See Resp.Op.Br. at 2.

Wood claims that this new budget will cause undue hardship and was set arbitrarily, without regard to the actual and necessary expenses of plaintiff. The United States contends that withholding of monies in excess of the amounts established by its office will improperly deplete the financial resources of bankruptcy estates and may impair greatly the efficient administration of those estates. See Pet.Br. at 3.

On September 28, in response to Wood's motion, the bankruptcy court issued an order directing the petitioner to appear on October 1, 1993, to show cause why the 1994 fiscal budget should not be approved and why respondent's percentage fee should not be fixed at 7.5%. At the same time, the bankruptcy court granted respondent's request for interim emergency relief and, on an interim basis, approved the expenses and set the percentage fee at 7.5%. Petitioner, in the immediate action, argues that this was done contrary to 11 U.S.C. § 326(a) and 28 U.S.C. § 586(e)(1). See Decl. of Bridenhagen at Para. 5. The court has set a plenary hearing on Wood's verified complaint for December 14, 1993, at 10:00 a.m.

No court has addressed the question of whether or not a court has the power to examine the fee structure of standing trustees and the method by which the percentage has been fixed to determine whether the

legislative intent of Congress has been fulfilled.

28 U.S.C. § 157 provides:

(a) Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

The Third Circuit has stated that "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Beard v. Braunsteub,* 914 F.2d 434, 444 (3d Cir.1990) (quoting *Matter of Wood,* 825 F.2d 90 (5th Cir.1987)).

"To be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment...." *In re Matter of Delaware and Hudson Railway Co.,* 122 B.R. 887 (D.Del.1991) (quoting *Hatzel & Buehler, Inc. v. Orange and Rockland Utilities,* 107 B.R. 34, 40 (D.Del.1989)).

If a case is not a core proceeding, but is otherwise related to a case under title 11, a bankruptcy judge is to submit proposed findings of fact and conclusions of law to the district court, and the district court, subject to de novo review, shall enter any final order or judgment. 28 U.S.C. § 157(c)(1). Furthermore, 28 U.S.C. § 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. *The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating or-* *ganizations or activities affecting interstate commerce.*

(Emphasis added.)

"Courts have recognized that the literal interpretation of the last sentence of § 157(d) could result in a broad escape hatch through which most bankruptcy matters could be removed to a district court." *In re Quaker City Gear Works, Inc.,* 128 B.R. 711, 713 (E.D.Pa.1991) (citing *In re White Motor Corp.,* 42 B.R. 693, 703–4 (N.D.Ohio 1984)). "Accordingly, that language has been routinely construed as requiring withdrawal only when 'substantial and material consideration' of federal statutes other than the Bankruptcy Code [is] necessary for the resolution of a case or proceeding." *Id.* (citing *In re Tammaro, Inc.,* 56 B.R. 999, 1007 (D.N.J.1986)).

The *Tammaro* court asserted that "the terms of the statute should be literally interpreted and mandatory withdrawal should be required when resolution of a proceeding requires consideration of both Title 11 and non-Bankruptcy Code law." *Id.* at 1004. However, the court in *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.,* 107 B.R. 34 (D.Del.1989), rejected the District of New Jersey's theory on mandatory withdrawal as defined above. The criticism is that "such a strict interpretation of the law 'would effectively defeat the attempts of the Code to rationalize bankruptcy litigation.'" *Hatzel & Buehler* (quoting *In re Johns–Manville Corp.,* 63 B.R. 600, 602 (S.D.N.Y.1986)). "It is issues requiring significant interpretation of federal laws that Congress would have intended to have decided by a district judge rather than by a bankruptcy judge." *Id.*

In *In re St. Mary Hospital v. Hiser,* 115 B.R. 495, 498 (E.D.Pa.1990), the court held that "[w]here the bankruptcy court must engage in a complex search for the appropriate interpretation of a non-bankruptcy federal statute involving an issue of first impression, section 157(d) withdrawal is required." In that case the motion for withdrawal of the reference was granted because the court found that the dispute clearly called for "substantial and material" consideration of both title 11 and the Medicare statute. *Id.*

■ The party seeking withdrawal of reference bears the burden of demonstrating that a substantial and material consideration of non-bankruptcy law is necessary to resolve the case. *In re Continental Airlines, et al.,* 138 B.R. 442, 444 (D.Del.1992); *In re Michigan Real Estate Insurance Trust,* 87 B.R. 447, 459 (E.D.Mich.1988); *In re Anthony Tammaro,* 56 B.R. 999, 1006–7 (D.N.J.1986).

Respondent maintains that the UST abused its discretion and acted "arbitrarily and capriciously" when it set the rate for the 1994 budget, "without regard to the actual and necessary expenses of the plaintiff." *See* Resp.Br. at 2. To support his argument that there should be no withdrawal of the reference to the bankruptcy court, mandatory or permissive, respondent contends that it is a core bankruptcy issue to determine what are reasonable, actual and necessary expenses of a standing trustee. *Berry v. Chapter 13 Trustee,* 153 B.R. 66 (W.D.Wash.1993). However, *Berry,* refers to expenses which are actual and necessary in the administration of a specific bankruptcy plan. This is logical, respondent argues, since the bankruptcy court has that specialized knowledge which is necessary for such a determination. This logic does not necessarily apply to this case.

■ Here, the challenge by respondent is significantly different. An annual budget is set by the UST, and then expenses are incurred on a case-by-case basis by the standing trustee. Those expenses may be challenged, and a bankruptcy court may determine their validity. That determination is a core proceeding, because it arises from a bankruptcy proceeding under § 326. It is within a bankruptcy judge's specialized knowledge to determine what is an "actual and necessary" expense in a particular bankruptcy proceeding. Respondent here, on the other hand, is asking the court to examine the fee structure of the standing trustees and the method by which the percentage has been fixed for the annual budget out of which these expenses are paid.

■ Petitioner objects to the bankruptcy court's consideration of this matter, contending that such a consideration is contrary to the provisions of 11 U.S.C. § 326(a) and 28

U.S.C. § 586(e)(1). Petitioner further contends that judicial review by the court of a standing trustee's fees, as set by the attorney general, is not authorized. *In re Schollett,* 980 F.2d 639 (10th Cir.1992). This court agrees.

In *Schollett,* the district court considered whether it is proper for a court to review the fees set by the attorney general for standing trustees. That court had concluded that the power to review trustee's fees for reasonableness had not been stripped from the courts. *Id.* The reasoning was that:

> While 11 U.S.C. § 326(b) and related sections such as [28 U.S.C.] § 586 make it clear that the bankruptcy court no longer has the authority to appoint standing trustees, the district court said he could not ascertain that any of the amended provisions, including § 326(b), prevent judicial review of trustee compensation.

*Id.* at 641. The UST appealed, and the Court of Appeals held that judicial review of standing trustees is not authorized. The appellant, a UST, argued that:

> 11 U.S.C. § 326(b) prohibits review by the courts of compensation *properly set* for a standing trustee in a Chapter 12 proceeding. The amicus says the standing trustee's fee is properly set by the Attorney General after consultation with the [UST] under 28 U.S.C. § 586(e) and should not be subjected to post-hoc adjustment by the courts based on perceived equities in a particular case.

*Id.* at 642 (emphasis added).

Petitioner here makes substantially the same argument, but the facts in the immediate matter are certainly different. The standing trustee is not objecting to the application of a fixed rate to a particular bankruptcy proceeding. The respondent is asking the court to determine whether the compensation was, in fact, *properly set.*

While 28 U.S.C. § 586(e)(1) provides that the Attorney General is the federal official empowered by Congress charged with the duty and responsibility of fixing compensation of a trustee, such as Wood, this statute does not address the reviewability of the

Attorney General's actions by courts. The Attorney General's duties are not being challenged by respondent; instead, it is the validity of those actions which are being brought into question.

The central question presented in *Schollett* on appeal is the same as that presented here.

> [W]hether the Bankruptcy Judges, United States and Family Farmer Bankruptcy Act of 1986, which generally took the power to appoint trustees away from the bankruptcy courts and placed it in the hands of the United States Trustee, also removed the power of the court to review the fees set by the Attorney General for standing bankruptcy trustees.

As the Tenth Circuit recognized, before the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978), "bankruptcy courts handled both the judicial and administrative functions in bankruptcy." *Id.* Thus their functions prior to the Act included appointing trustees and setting the trustees' fees. "In Congress' view this lack of separation of functions eroded public confidence in bankruptcy proceedings and burdened judges with unnecessary administrative obligations." *Id.* Subsequently, the administrative bankruptcy functions were transferred to the United States Trustees appointed by the Attorney General. *Id.*

The reasoning of *Schollett* as adopted by petitioners presents reasons which are sufficient to support a finding that there is good cause to withdrawal the reference to the bankruptcy court. Fundamentals of judicial review and separation of powers are better served by a finding that the reference to bankruptcy should be withdrawn. The legislative intent reflects a desire to remove administrative functions from the court and place them solely within the hands of the United States Trustee. Petitioner's motion is granted.