### In re C–TC 9th AVENUE PARTNERSHIP, Debtor.

### C–TC 9th AVENUE PARTNERSHIP, Plaintiff,

### v.

### NORTON COMPANY, Defendant.

### NORTON COMPANY, Plaintiff,

### v.

### C–TC 9th AVENUE PARTNERSHIP, a General Partnership, Richard A. Cabral, Individually and as a Partner of C–TC 9th Avenue Partnership, and Donald W. Stone, Sr., Individually, Defendants.

### NORTON COMPANY, Plaintiff,

### v.

### C–TC 9th AVENUE PARTNERSHIP, a General Partnership, Richard A. Cabral, Individually and as a Partner of C–TC 9th Avenue Partnership, Timmons Corporation, Individually and as a Partner of C–TC 9th Avenue Partnership, Manpac, Inc., G.F. Glass Products, Inc., Albany Cogeneration Associates, and Inventory Management Control, Inc., Defendants.

### Misc. Nos. 3278 to 3280. Adv. Nos. 94–91113, 94–91114.

United States District Court, N.D. New York.

Feb. 13, 1995.

---

Certilman, Balin Law Firm, East Meadow, NY (Michael D. Brofman, of counsel), for C–TC 9th Ave. Partnership.

DeGraff, Foy Law Firm, Albany, NY (Robert Rock, of counsel), for Norton Co.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

The present case comes before the Court on Norton Company's motion for withdrawal of reference, abstention and remand of an adversary proceeding to the state court. These motions arise out of C–TC 9th Avenue Partnership's bankruptcy proceedings now pending before the bankruptcy court.

### I.

On June 6, 1988, Norton Company (hereinafter "Norton") and C–TC 9th Avenue Partnership (hereinafter "debtor") entered into a Real Estate Purchase Agreement. Under this agreement, Norton agreed to sell and debtor agreed to purchase a certain real property situated in the City of Watervliet and the Town of Colonie, New York (hereinafter "Property"). The conveyance of the Property closed on June 30, 1988 and the debtor gave Norton a short term note in the amount of $879,902.20 due on July 19, 1988 and a long term note in the amount of $2,850,000.00. The debtor also gave Norton

a mortgage against the Property in order to secure repayment of that indebtedness.

The debtor, for reasons that are not relevant to the instant inquiry, failed to make any of the payments required by the short and long term notes, and therefore, in November of 1988, Norton commenced an action on the short term note and a mortgage foreclosure action in New York State Supreme Court, Albany County. That litigation proceeded until the Appellate Division, Third Department, issued its decision directing that Norton be allowed to conclude the foreclosure of its mortgage lien and severed the counterclaims of the debtor and Norton's action on the short term note.

On May 9, 1994, the debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* Shortly thereafter, the debtor commenced the first of the two adversary proceedings captioned above, alleging seventeen new claims against Norton and removed the existing state court action to the Bankruptcy Court. Norton then moved for dismissal of the Chapter 11 case and also for alternative relief including relief from the automatic stay so as to permit Norton to conclude its foreclosure action. Bankruptcy Judge Stosberg has not ruled on Norton's pending motion but has determined that the motion and the two adversary proceedings should be tried together.

In its Answer to the first adversary proceeding, Norton raised, as its first three affirmative defenses, abstention and withdrawal of the reference and stated that it would be making the present motion. Norton, in its Rule 9027(e)(3) Statement, denied that the removed state court actions are core matters and stated that it did not consent to the entry of a final order or judgment by the Bankruptcy Judge in those actions. Norton also raised a jurisdictional argument and, further, stated that its motion to dismiss should be determined before proceeding with discovery and trial on the adversary proceedings.

### II.

Presently before the Court is Norton's motion seeking withdrawal of the reference to

the Bankruptcy Judge of the Chapter 11 case and the two adversary proceedings pursuant to 28 U.S.C. § 157(d); abstention pursuant to 28 U.S.C. § 1334(c)(1) and (2); and remand of adversary proceeding no. 94–91114 to the New York State Supreme Court pursuant to 28 U.S.C. § 1452(b). The Court will address the reliefs sought by Norton in *seriatim.*

## A. MANDATORY WITHDRAWAL UNDER 28 U.S.C. § 157(d)

■ The statutory mechanism by which bankruptcy cases and other civil proceedings may be referred to the bankruptcy court is provided in 28 U.S.C. §§ 157–158. Section 157(a) states that: "each district court may provide that any and all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Pursuant to this section, this court routinely refers bankruptcy cases within this district to the bankruptcy court.

28 U.S.C. § 157(d) is a mechanism where the district courts are either forced to or given discretion to withdraw the reference to the bankruptcy court. It is this section upon which Norton relies on to seek mandatory withdrawal of reference of adversary proceeding no. 94–91113. Therefore, the initial question is whether the factual circumstances of adversary proceeding no. 94–91113 mandates the withdrawing of the reference to the bankruptcy court.

We begin with the mandatory withdrawal language of 28 U.S.C. § 157(d). In pertinent part, Section 157(d) provides

[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

■ In construing this language, courts have reached different results as to its true meaning. *In re Kuhlman Diecasting Co.,* 152 B.R. 310, 311 (D.Kan.1993). The seminal case on the issue is *In re White Motor Corp.,*

42 B.R. 693 (N.D.Ohio 1984), in which the court carefully examined the legislative history of the statute and determined that Congress did not intend for § 157(d) to become "an escape hatch through which most bankruptcy matters will be removed to the district court." *Id.* at 704. The court concluded that withdrawal is mandatory "only if th[e court] ... can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code Statutes" which have more than a "de minimis" impact on interstate commerce. *Id.* at 705. This determination has been followed by a majority of the courts that have considered the issue. *See, e.g., In re Kuhlman Diecasting Co.,* 152 B.R. at 312; *In re Lenard,* 124 B.R. 101 (D.Colo.1991); *In re St. Mary Hospital,* 115 B.R. 495 (E.D.Pa. 1990); *Hatzel & Buehler Inc. v. Orange & Rockland Utils., Inc.,* 107 B.R. 34 (D.Del. 1989).

Other courts, however, have determined that the statute should be read liberally, and mandatory withdrawal should be required when resolution of a proceeding requires consideration of both bankruptcy and non-bankruptcy laws. *See, e.g., In re IQ Telecommunications, Inc.,* 70 B.R. 742 (N.D.Ill.1987); *In re Anthony Tammaro, Inc.,* 56 B.R. 999 (D.N.J.1986).

■ Courts in this circuit have adopted the former and not the latter approach. *See In re Horizon Air, Inc.,* 156 B.R. 369 (N.D.N.Y.1993); *In re Adelphi Institute, Inc.,* 112 B.R. 534 (S.D.N.Y.1990); *In re Ionosphere Clubs, Inc.,* 103 B.R. 416 (S.D.N.Y.1989). In so adopting, courts have attempted to further detail the requirements under Section 157(d). Citing to the leading commentator in bankruptcy law, Judge Sweet in *In re Adelphi Institute, Inc.* noted that the conjunctive "and" in the mandatory sentence of the said section implied that a matter is not subject to mandatory withdrawal "unless interpretation of both the provisions of Title 11 and other laws of the United States is required for resolution of the controversy." *In re Adelphi Institute, Inc.,* 112 B.R. at 536 (citing 1 Collier on Bankruptcy ¶ 3.01 at 3–61).

■ On the occasions when the courts have granted motions for mandatory withdrawal, they have done so when complicated interpretive issues, often of first impression, have been raised under non-Title 11 federal laws. *In re Adelphi Institute, Inc.*, 112 B.R. at 537. Thus, in *In re Combustion Equipment Assocs., Inc.*, 67 B.R. 709 (S.D.N.Y. 1986), *aff'd*, 838 F.2d 35 (2d Cir.1988) and *American Telephone & Telegraph Co. v. Chateaugay Corp.*, 88 B.R. 581 (S.D.N.Y. 1988), the courts were faced with issues of first impression under a relatively new, complex, and recently amended statutes, and for this reason, mandatory withdrawal was granted. Perhaps just as important to the removal determinations in these cases was that the proceedings presented and required resolution of "substantial and material conflicts" between non-title 11 federal laws and the Bankruptcy Code. *See In re Combustion*, 67 B.R. at 713; *Chateaugay Corp.*, 88 B.R. at 586–88. Of similar effect is *Pension Benefit Guaranty Corp. v. The LTV Corp. (In re Chateaugay Corp.)*, 86 B.R. 33, 38–39 (S.D.N.Y.1987), where issues of first impression under ERISA were "presented in sharp conflict with competing provisions of the Code." *See also In re Adelphi Institute*, 112 B.R. at 537. In sum, the common theme ringing throughout these cases is that Section 157(d) should not "become an 'escape hatch' for matters properly before [the bankruptcy] court." *Id.* at 536; *In re Johns–Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y. 1986).

■ In the case at bar, Norton has failed to adequately demonstrate that adversary proceeding no. 94–91113 should be subject to mandatory withdrawal. Although there is no dispute that resolution of the proceeding in question will require consideration of both bankruptcy and non-bankruptcy, more specifically CERCLA, laws, it is equally clear that such consideration of CERCLA will not rise to the level required for mandatory withdrawal. There is nothing in the record to indicate that there exists any potential conflicts between the Code and CERCLA nor has the movant shown that the adversary proceeding will require "substantial and material" consideration of both bankruptcy and non-bankruptcy laws. As stated earlier, the

mere fact that the bankruptcy judge is forced to determine issues outside the scope of bankruptcy laws is insufficient to mandate withdrawal until and unless the movant can demonstrate that such issues are one of first impression or that there is a conflict between the Code and non-Code cases. This, Norton has failed to do.

It is here noted that Norton primarily relies on two cases in support of its position: *New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir.1991) and *In re Revere Copper and Brass, Inc.*, 169 B.R. 87 (S.D.N.Y.1994). Such reliance is misplaced, however. As to the *Exxon* case, reliance is misplaced since the issue of mandatory withdrawal is discussed only in dicta. 932 F.2d at 1026 ("We note further that the litigation of the City's CERCLA claim in the California bankruptcy proceeding *could well result* in a withdrawal of the bankruptcy reference if the City's claim should require substantial interpretation of CERCLA.") (emphasis added). Concomitantly, reliance on *In re Revere Copper and Brass* is misplaced since that decision was vacated on September 12, 1994.

The Court further notes that this decision may be somewhat at odds with the court's decision in *In re Horizon Air, Inc.*, 156 B.R. 369 (N.D.N.Y.1993) (Munson, S.J.). However, it is the opinion of this court that today's decision better comports with the spirit of Section 157(d) and, furthermore, is better grounded in the law of this circuit.

For the stated reasons, Norton's motion for mandatory withdrawal of reference of adversary proceeding no. 94–91113 is denied. This denial renders the debtor's argument that the motion was filed in an untimely manner moot.

### B. PERMISSIVE WITHDRAWAL UNDER 28 U.S.C. § 157(d)

Now, we turn to Norton's motion to withdraw the reference under the permissive language of 28 U.S.C. § 157(d). Norton is seeking to have the reference to the bankruptcy court withdrawn not only as to the two pending adversary proceedings, but also the Chapter 11 proceeding.

■ Unlike the mandatory language of Section 157(d), the first sentence of the said section states, "[t]he district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). This section grants the district court broad discretion on whether a case should be heard before the bankruptcy court or the district court.

■ In order for the reference to be withdrawn permissively pursuant to Section 157(d), the movant must follow certain guidelines. First, as the language of the section states, the moving party must make a timely motion. If this is done, then, the movant must demonstrate that certain factors weigh heavily in its favor. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir.1993). These factors include—whether the claim or proceeding is core or non-core, judicial economy, prevention of forum shopping, economical use of debtor's and creditor's resources, uniformity in the administration of bankruptcy law, and the presence of a jury demand. *See, e.g., id.; In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992); *In re Century Brass Prods., Inc.*, 1992 WL 22191, at *3 (D.Conn. Jan. 7, 1992). The Second Circuit in *In re Orion Pictures* opined that a

district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn. For example, the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court. Conversely, hearing core matters in the district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues. Thus once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

*In re Orion Pictures Corp.*, 4 F.3d at 1101. The court went on to say that the threshold core/non-core inquiry also determines the parties' jury trial rights since the Constitution prohibits bankruptcy courts from holding jury trials in non-core matters. *Id.*

■ Turning to the case at bar, Norton has clearly filed its motion for withdrawal of reference in a timely manner. A motion is timely if it is made as soon as possible in light of the status of the bankruptcy proceedings. *In re Texaco Inc.*, 84 B.R. 911, 919 (S.D.N.Y.1988). Simply, where there did not appear to be unreasonable delay and the debtor is not prejudiced by such a delay, then a motion is not considered untimely. *Id.; Interconnect Telephone Services, Inc. v. Farren (In re Interconnect Telephone Services)*, 59 B.R. 397 (S.D.N.Y.1986).

Norton has filed the present motion for withdrawal a mere four months after learning of the complaint which is the basis for the present motion. During this interim, Norton had dismissal motions pending before the bankruptcy court which, if decided in its favor, would have made the present motion moot. Taking such a factor into consideration and also taking into consideration the fact that the debtor has failed to even allege prejudice, the Court determines that the delay was not untimely.

■ With this determination, we now turn to the remaining issue of whether "cause" under Section 157(d) has been shown, keeping in mind the afore-stated factors.

### 1. Core v. Non-core

Initially, Norton concedes that the Chapter 11 proceeding is a "core" proceeding. It is only as to the two adversary proceedings in which there is disagreement as to their status of being core or non-core.

■ Core proceedings are matters that govern the administration of the debtor's estate. A non-exhaustive list of core proceedings is set forth in 28 U.S.C. § 157(b)(2). A non-core proceeding, in contrast, is defined as a "proceeding that is not a core proceed-

ing but that is otherwise related to a case under Title 11." 28 U.S.C. § 157(c)(1). "While § 157(b)(3) expressly states that the bankruptcy judge shall determine whether a proceeding is core or non-core, the Bankruptcy Code is not entirely clear as to which court should make a core/non-core determination arising in the context of a motion to withdraw a referral, which motion must be decided by the district court." *In re 1733 Ridge Road East, Inc.*, 125 B.R. 722, 724 (W.D.N.Y.1991).

Although there are many examples of district courts taking it upon themselves to determine the core/non-core issue, this Court will follow a different approach. The approach to be taken by this Court will follow that of *In the Matter of Delaware & Hudson Ry. Co.*, 122 B.R. 887 (D.Del.1991) (hereinafter *"Delaware & Hudson"*). In deciding the issue of which court should determine the core/non-core issue, the Court in *Delaware & Hudson* held that 28 U.S.C. § 157(b)(3) required the bankruptcy judge, and not the district judge, to decide the issue. *Id.* at 891; *see also In re 1733 Ridge Road East, Inc.*, 125 B.R. at 724; *Hatzel & Buehler, Inc. v. Central Hudson Gas & Electric Corp.*, 106 B.R. 367, 369–70 (D.Del.1989). In so holding, the court heavily relied on the plain and unambiguous language of Section 157(b)(3). *Delaware & Hudson*, 122 B.R. at 891 (citing *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 110 S.Ct. 1384, 108 L.Ed.2d 585 (1990)). And furthermore, in rejecting the defendant's argument that such a process would be a cumbersome one, the court opine that

such a procedure is not a cumbersome two step process because withdrawal of reference to the bankruptcy court is a two step process to begin with, and it is difficult to understand how it is cumbersome for the bankruptcy judge, well versed in bankruptcy law, to make the core/non-core determination prior to the withdrawal of reference motion being heard by the district court. Thus, the Court concludes that before a withdrawal of reference motion is presented to the District Court, the bankruptcy judge must make the determination of whether proceedings are core or non-core.

*Id.* at 891–92; *see In re 1733 Ridge Road East, Inc.*, 125 B.R. at 724; *Hatzel & Buehler*, 106 B.R. at 369–70.

Accordingly, this Court will defer to the Bankruptcy judge to determine the issue of whether adversary proceeding nos. 94–91113 and 94–91114 are core or non-core proceedings. Following such a determination, this Court will then continue its present analysis of whether discretionary withdrawal is warranted in the instant case. Hence, for now, Norton's motion for permissive withdrawal is denied.

Moreover, the pending motions for mandatory and discretionary abstention and remand to the state courts are also denied since these motions will be addressed by this Court only if it is determined that withdrawal of the reference to the bankruptcy court is appropriate. Therefore, it would be premature for the Court to entertain the said motions at this juncture of the proceedings.

It is worth noting that mandatory abstention is unlikely to occur in the instant case since Section 1334(c)(2) requires that mandatory abstention occur only where the proceeding in question "could not have been commenced in a court of the United States absent jurisdiction under this section." In reviewing the papers, it seems that the adverse proceeding no. 94–91114 could have been brought in the federal courts under diversity jurisdiction. Since diversity is an adequate, separate basis for jurisdiction, it would seem that abstention would not be mandatory here. *See In re Wedtech Corp.*, 94 B.R. 293, 297 (S.D.N.Y.1988).

### III.

For the stated reasons, Norton's motion for mandatory withdrawal of reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d) is denied. Norton's remaining motions for discretionary withdrawal, mandatory and discretionary abstention, and remand to the state court are also denied. Norton, however, is given leave to renew the said motions after the bankruptcy judge, in the first instance, decides the issue of whether adversary proceeding nos. 94–91113 and 94–91114 are core or non-core proceedings. As soon as practicable after the bankruptcy

judge issues a final determination on the said issue, the burden is on Norton to re-notice these motions to be heard by this Court on a regularly scheduled motion date.

**IT IS SO ORDERED.**